482 So.2d 346 (1986)
Donald WADE, Petitioner,
v.
STATE of Florida, Respondent.
No. 66957.
Supreme Court of Florida.
February 6, 1986.
Michael E. Allen, Public Defender and Glenna Joyce Reeves, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Jim Smith, Atty. Gen. and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for respondent.
OVERTON, Justice.
In Wade v. State, 466 So.2d 1086 (Fla. 1st DCA 1985), the district court certified the following question:
When an appellate court finds that a sentencing court relied upon a reason or reasons that are impermissible under Florida Rule of Criminal Procedure 3.701 in making its decision to depart from the sentencing guidelines, should the appellate court examine the other reasons given by the sentencing court to determine if those reasons justify departure from the guidelines or should the case be remanded for a resentencing?
Id. at 1087. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
In Albritton v. State, 476 So.2d 158, 160 (Fla. 1985), we held that "when a departure sentence is grounded on both valid and invalid reasons ... the sentence should be reversed and the case remanded for resentencing unless the state is able to show beyond a reasonable doubt that the absence of the invalid reasons would not have affected the departure sentence." See State v. Burch, 476 So.2d 663 (Fla. 1985); State v. Carney, 476 So.2d 165 (Fla. 1985); Brooks v. State, 476 So.2d 163 (Fla. 1985); State v. Young, 476 So.2d 161 (Fla. 1985). In light of our recent decisions, we remand this cause to the district court for reconsideration.
It is so ordered.
BOYD, C.J., and ADKINS, McDONALD, EHRLICH, SHAW and BARKETT, JJ., concur.