488 So.2d 594 (1986)
Phillip J. FULLER, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1090.
District Court of Appeal of Florida, Second District.
May 2, 1986.
James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
HALL, Judge.
Appellant, Phillip J. Fuller, was charged with armed robbery. Pursuant to a jury trial he was convicted as charged and sentenced to life imprisonment. Appellant raised two points on appeal. We find no merit to his first point on appeal but agree that the court improperly departed from the guidelines and, accordingly, remand for resentencing.
While the sentencing guidelines prescribed a sentence of nine to twelve years, the trial judge elected to depart from the guidelines and sentenced appellant to life imprisonment. The trial judge listed twenty reasons as a basis for this departure. Appellant contends that the reasons used for departure are invalid. We agree that the majority of the reasons listed for departure are not clear and convincing reasons. However, those reasons which refer to appellant's course of conduct showing that he is a danger to society, continues a pattern of violent behavior, and has a lack of regard for the law and judicial system, together with his resistance to rehabilitation, are valid reasons upon which to justify a departure. Booker v. State, 482 So.2d 414 (Fla. 2d DCA 1985); Casteel v. State, 481 So.2d 72 (Fla. 1st DCA 1986).
According to our supreme court unless an appellate court can determine beyond a reasonable doubt that the trial court would have departed regardless of the invalid reasons, we must remand for resentencing. Albritton v. State, 476 So.2d 158 (Fla. 1985); State v. Young, 476 So.2d 161 (Fla. 1985).
In Albritton the supreme court holds that the sentence should be reversed unless "the state is able to show beyond a reasonable doubt that the absence of the invalid reasons would not have affected the departure sentence." Id. at 160 (emphasis added). To apply this test literally would require *595 that we remand for resentencing every departure case where the state fails to carry this prodigious burden, even though it is apparent to the appellate court from an examination of the record that the trial judge will again depart upon remand based upon his valid reasons. While we recognize the intent of the guidelines to promote uniformity of sentences and the efforts of the supreme court to effectuate that intention, some consideration must be given to the costs incurred by the people of this state to transport prisoners for resentencing as a result of the guidelines. This has become an extraordinary burden, and we wonder if it is justified.
Since this departure is grounded on permissible and impermissible reasons, we remand for resentencing as it is not clear beyond a reasonable doubt whether the invalid reasons affected the court's departure.
Should the trial court again determine to depart from the guidelines, it should be guided by the following cases. Hendrix v. State, 475 So.2d 1218 (Fla. 1985); Agatone v. State, 474 So.2d 846 (Fla. 2d DCA 1985).
CAMPBELL, A.C.J., and SCHOONOVER, J., concur.