504 So.2d 392 (1987)
Jessie WILLIAMS, III, Petitioner,
v.
STATE of Florida, Respondent.
No. 68505.
Supreme Court of Florida.
March 19, 1987.
Michael E. Allen, Public Defender, Second Judicial Circuit, Glenna Joyce Reeves, Asst. Public Defender, Tallahassee, for petitioner.
Robert A. Butterworth, Jr., Atty. Gen., Henri C. Cawthon, Raymond L. Marky, Asst. Attys. Gen., Tallahassee, for respondent.
EHRLICH, Justice.
We have for review a sentencing guidelines decision, Williams v. State, 484 So.2d 71 (Fla. 1st DCA 1986), because of apparent conflict with this Court's decision in Hendrix v. State, 475 So.2d 1218 (Fla. 1985). We have jurisdiction, article V, section 3(b)(3), Florida Constitution and approve the decision below.
Williams pled guilty to aggravated battery and burglary of a dwelling with an assault. The trial judge departed from the presumptive guidelines range of four and one-half to five and one-half years, imposing two ten-year concurrent terms. The trial judge gave the following written reasons for departure:
1. The Defendant as a juvenile was committed to the Department of HRS for the offense of Arson dated January 11, 1977. He was committed also in Case No. 76-466 for Arson and Burglary of an Occupied Dwelling, and again committed for Shoplifting dated August 18, 1978. At age eighteen (18) years, the Defendant *393 was sentenced to Department of Corrections for three (3) years for Burglary of a Structure dated February 19, 1979 and paroled September 16, 1980. He was charged with violation of his parole on March 3, 1981 having only been out of prison for some six months. On July 10, 1981 the Defendant was again sentenced to the Department of Corrections on the offense of Attempted Burglary for five (5) years. On December 10, 1983 he was discharged as to that sentence and after only approximately ten (10) months committed the instant offense on October 6, 1984.
2. The continuing criminal behavior since the Defendant's age of sixteen years demonstrates his total disregard for the rehabilitative efforts of the past dispositions for his criminal behavior. There is no hope for rehabilitation of this individual.
3. The Defendant served approximatley fourteen (14) months on his first three (3) year Department of Corrections sentence and some twenty-nine (29) months on the five (5) year Department of Corrections sentence. Under sentencing guidelines for standing convicted of Burglary of a Dwelling with Intent to Commit an Assault and Aggravated Battery, this Defendant would receive a recommended sentence of four and one-half (4 1/2) to five and one-half years (5 1/2) which with gain time might allow him to serve less time on these serious violations than he served on his last period of incarceration. This should not be the intent of a sentence and the punishment for his criminal conduct in the present cases should be substantially greater to protect society and deter him in future criminal activities.
4. To impose the suggested sentence under sentencing guidelines would make a mockery of this court's sentencing goal.
5. The frequency of the Defendant's criminal conduct and especially in view of the short duration from his previous periods of incarceration with the Department of Corrections demonstrates a need for punishment greater than that provided by Rule 3.701, Fla.R.Crim.P.
On appeal, the district court affirmed the departure sentence, rejecting Williams argument that the trial judge's departure was based solely upon his prior criminal record, contrary to this Court's decision in Hendrix. The district court correctly noted that under this Court's decision in Weems v. State, 469 So.2d 128 (Fla. 1985), Williams' juvenile record constituted a clear and convincing reason for departure.[*]
We also agree with the district court that the trial court's description of Williams' "frequent contacts with the criminal justice system [was] something substantially more than a mere reference to the defendant's prior criminal record." 484 So.2d at 72. In Keys v. State, 500 So.2d 134 (Fla. 1986), we recently rejected the argument that a trial judge's consideration of a defendant's "escalating course of criminal conduct" was nothing more than consideration of a defendant's prior criminal history contrary to Hendrix. Hendrix precludes reliance upon only those aspects of a defendant's prior criminal record which have been factored in for scoring purposes. See Hendrix, 475 So.2d at 1220. Neither the continuing and persistent pattern of criminal activity nor the timing of each offense in relation to prior offenses and release from incarceration or supervision are aspects of a defendant's prior criminal history which are factored in to arrive at a presumptive guidelines sentence. Therefore, there is no prohibition against basing a departure sentence on such factors.
We also reject Williams' contention that the trial court's rejection of the guidelines sentence in this case was merely an expression of his general disagreement with the sentencing guidelines and was, thus, an improper reason for departure under this Court's decisions in Williams v. State, 492 So.2d 1308, 1309 (Fla. 1986) ("A trial judge may not substitute his own opinion for that of the Sentencing Guidelines Commission simply because he does not *394 agree with the presumptive sentence."), and Scurry v. State, 489 So.2d 25 (Fla. 1986). The trial judge here was not merely substituting his opinion as to the appropriate sentence for that of the Sentencing Guidelines Commission; rather, he was expressing his conclusion that based upon the reasons given in this case departure was justified.
Accordingly, finding that the trial judge's departure sentence was based on clear and convincing reasons, we approve the decision below.
It is so ordered.
McDONALD, C.J., OVERTON, SHAW and BARKETT, JJ., and ADKINS, J. (Ret.), concur.
NOTES
[*] Williams urges this Court to recede from our holding in Weems. We decline to do so.