506 So.2d 88 (1987)
Elmer CORNETT, Appellant,
v.
STATE of Florida, Appellee.
No. 86-35.
District Court of Appeal of Florida, Second District.
May 1, 1987.
James Marion Moorman, Public Defender, and William H. Pasch, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robert J. Krauss, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Chief Judge.
In 1980 the defendant pled nolo contendere to a charge of sexual battery and was placed on probation for seven years. In 1984 an affidavit of violation of probation was filed against the defendant.
A violation of probation hearing was held and evidence submitted by the state in support of the probation violation charges. The trial judge found the defendant had violated conditions 1, 3, 4 and 5 of his probation. The defendant did not elect to be sentenced under the guidelines and received a sentence of thirty years imprisonment. He appeals, asserting two issues; first, that the trial judge erred in failing to enter a written order of probation violation, *89 and second, that the trial judge should have noted on the sentencing order that the defendant is eligible for parole consideration.
We reject the state's argument that the court appearance record and the uniform commitment to custody, both of which indicate probation violation, suffice as a formal order of revocation of probation. Accordingly, we reverse with directions that the trial judge enter an order of probation violation. See Smith v. State, 492 So.2d 1099 (Fla. 4th DCA 1986). The defendant need not be present for this purpose.
With regard to parole eligibility, we acknowledge in this opinion that the defendant is eligible to be considered for parole in view of the fact that his sentence was not imposed pursuant to the sentencing guidelines.
Reversed and remanded.
SCHOONOVER and SANDERLIN, JJ., concur.