507 So.2d 680 (1987)
Carlos SANTANA, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1627.
District Court of Appeal of Florida, Second District.
May 13, 1987.
*681 James Marion Moorman, Public Defender, Bartow, and Brad Permar, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Chief Judge.
Carlos Santana pleaded guilty to a charge of delivery of cocaine and, based on a later offense, to charges of sale of a counterfeit controlled substance (pills) and possession of a firearm during the commission of a felony. His scoresheet resulted in a presumptive range of community control or twelve to thirty months imprisonment. The trial court departed from the presumptive range and sentenced him to seven years for the delivery conviction and concurrent five-year sentences for the remaining two convictions.
The reasons provided by the trial court for this upward departure were: (1) That appellant induced minors to participate in his criminal activities; (2) that the amount of pills sold (5,000) indicated that appellant was a substantial drug dealer; (3) that the existence of a gun reflected an implicit potential for violence; and (4) that the defendant had a "total lack of respect for the law and complete indifference to the gravity of the proceedings." In this appeal from his sentence, Santana contends that none of these reasons is valid to support an upward departure. We find only one of the reasons invalid but affirm the sentence nevertheless based on the following analysis.

1. Inducing Minors
Appellant used minors to facilitate his criminal activities as stated by the trial judge in his comprehensive Order of Aggravating Circumstances. There is record evidence to support the trial judge's findings. Moreover, the evidence of appellant's use of minors to commit his crimes was introduced by the state in its recitation of facts underlying the guilty plea without objection by appellant. The use of minors in one's criminal activity has been held to be a valid reason for departure. See Von Carter v. State, 468 So.2d 276 (Fla. 1st DCA 1985) (no justification to depart where "mere fact [was] that defendant carried out the crime with the help of a minor" without a finding that defendant exercised any "authority or control over the minor"), and Thompson v. State, 478 So.2d 462 (Fla. 1st DCA 1985) (proper reason to depart but must be supported in the record). The record is clear that here the trial judge found that appellant had such control and authority over the minors involved with him in these crimes. That finding is supported by the record. Therefore we affirm as to this reason.

2. Amount of Drugs
The judge was concerned about, and his Order specifically mentions, the large amount of counterfeit controlled substances involved in the crime (5000 pills). This reason has also been found valid by this court. Jean v. State, 455 So.2d 1083 (Fla. 2d DCA 1984) (marijuana delivery offense).

3. Presence of a Gun
The trial court used this factor for departure because it had not been used to upgrade the felony of selling a counterfeit controlled substance from third to second degree. The trial court, however, apparently overlooked the fact that possession of a firearm was one of the offenses for which appellant was being sentenced and, therefore, points had already been factored *682 into the scoresheet under additional offenses. This reason is therefore improper under Casteel v. State, 498 So.2d 1249 (Fla. 1986), and Hendrix v. State, 475 So.2d 1218 (Fla. 1985).

4. Lack of Respect
The trial judge's fourth and final reason was based on the facts that (1) on October 22, 1984, appellant was ordered to appear for disposition of his delivery of cocaine violation, (2) appellant did not appear that day, and (3) the very next day, he committed the offenses of delivery of a counterfeit controlled substance and carrying a concealed firearm. The supreme court has recently spoken on a departure reason which can be likened to the instant case in Williams v. State, 504 So.2d 392 (Fla. 1987):
Neither the continuing and persistent pattern of criminal activity nor the timing of each offense in relation to prior offenses and release from incarceration or supervision are aspects of a defendant's prior criminal history which are factored in to arrive at a presumptive guidelines sentence. Therefore, there is no prohibition against basing a departure sentence on such factors.
504 So.2d at 393 (emphasis added); see also Fuller v. State, 488 So.2d 594 (Fla. 2d DCA 1986) (lack of respect for the law and judicial system is a valid departure reason). We therefore affirm as to this reason also.
When both valid and invalid reasons are found, the sentence must be reversed and remanded for resentencing unless the state can prove beyond a reasonable doubt that the trial court would have departed to the same extent absent the invalid reasons. Wade v. State, 482 So.2d 346 (Fla. 1986); Albritton v. State, 476 So.2d 158 (Fla. 1985). The trial court in the instant case set out its reasons for departure in a lengthy, three-page Order of Aggravating Circumstances in which it stated in detail the particular facts in the record which were egregious enough to support departure. The three valid reasons  inducing minors, amount of pills and lack of respect  when weighed against the one invalid reason  use of gun already factored in  compels us to find that the state has met its burden of proving beyond a reasonable doubt that the court would have departed regardless. The three valid reasons are quite substantial. Indeed, the circumstances underlying the first reason formed the basis for the trial court's denial of appellant's motion for rehearing. We find that although the court articulated the one invalid reason, any error was harmless using the criteria set out in Casteel v. State and the cases cited therein.
AFFIRMED.
SCHOONOVER and SANDERLIN, JJ., concur.