THREADGILL, Judge.
Philip J. Fuller appeals his sentence in excess of the guidelines recommended range.
In Fuller v. State, 488 So.2d 594 (Fla. 2d DCA 1986), this court affirmed the appellant’s conviction for armed robbery, but remanded the case for resentencing because most of the reasons cited for guidelines departure were invalid. This court stated:
We agree that the majority of the reasons listed for departure are not clear and convincing reasons. However, those reasons which refer to appellant’s course of conduct showing that he is a danger to society, continues a pattern of violent behavior, and has a lack of regard for the law and judicial system, together with his resistance to rehabilitation, are valid reasons upon which to justify a departure.
488 So.2d 594.
Upon remand for resentencing pursuant to Albritton v. State, 476 So.2d 158 (Fla.1985), the circuit court again deviated from the guidelines recommended range and in support of departure restated those reason(s) found by this court in the first appeal to be valid. The circuit judge further stated:
Let it be known beyond a reasonable doubt, that this Court would have departed from the guidelines for any one of the above stated reasons. Additionally, this Court has declared this defendant to be a habitual felony offender pursuant to Florida Statute 774.084.
Since this court has previously decided that the reasons given for departure were sufficient, we affirm the departure sentence based on those reasons.
Although in Whitehead v. State, 498 So.2d 863 (Fla.1986) our supreme court held that habitual offender status is an impermissible reason for departure, we nevertheless affirm the sentence because we are convinced that the judge would have exceeded the recommended range even had this invalid reason been excluded from consideration. Albritton v. State, 476 So.2d 158 (Fla.1985); State v. Sachs, 507 So.2d 708 (Fla.1987) [12 F.L.W. 1260].
Affirmed.
CAMPBELL, A.C.J., and FRANK, J., concur.