HALL, Judge.
Wilbert Junior Shelton appeals from his conviction and sentences for sexual battery, robbery, and burglary of a dwelling.
He argues that the trial court erred in departing from the sentencing guidelines and in assessing certain costs against him. We find that the trial court erred in assessing the costs, but we affirm the judgment and sentences in all other respects.
The appellant was tried by jury and found guilty of sexual battery, robbery, and burglary of a dwelling as charged. The trial court departed from the presumptive guidelines range of seventeen to twenty-two years and sentenced the appellant to fifteen years in prison for the sexual battery, a concurrent term of five years for the robbery, and a consecutive term of fifteen years for the burglary. The appellant was also required to pay $10 to the Crimes Compensation Trust Fund, $2 pursuant to section 943.25(8), $1175.50 in additional court costs, and an $805 public defender’s lien to be paid within five years from his release.
In departing from the sentencing guidelines, the trial court gave the following written reasons in support of its decision.
1. Guidelines do not give sufficient weight to prior record due to length and number of prior offenses.
2. Defendant is approximately 22 has actually been incarcerated approximately 5 years since March 1979 — still accumulated 10 charges — this time period. After release in 1983 had felony charge and misdemeanor within one month. Current offenses occurred within four months of most recent release.
3. Two prior sexual batteries or attempts — need protect society — containment.
The appellant argues that the trial court’s reasons for departure are impermissible under Hendrix v. State, 475 So.2d 1218 (Fla.1985), which prohibits consideration of factors already included on the scoresheet, and under Scurry v. State, 489 So.2d 25 (Fla.1986), which prohibits the trial court from departing from the guidelines because it disagrees with the presumptive guidelines sentence.
A review of the record and the trial court’s oral pronouncement of its reasons *1069 for departure shows that the trial court used the appellant’s extensive criminal history including unscored juvenile offenses, the timing of the offenses, and the repetitive nature of the offenses as its basis for departure. The court noted that: the appellant was committed at the age of fourteen for aggravated battery, armed burglary, sexual battery, and the burglary of a business; at age sixteen he was sentenced to five years as an adult for attempted sexual battery; within a month of his release, he was convicted of loitering, prowling, and grand theft and was sentenced to two years; four months after his release, he committed the subject offenses. Taken as a whole the reasons reflect the trial court’s intention to base departure on the appellant’s frequent contacts with the criminal system. In Williams v. State, 504 So.2d 392 (Fla.1987), the trial court departed on the basis of the defendant’s criminal record from the time he was sixteen, emphasizing in its reasons the frequency of the offenses and the inadequacy of the guidelines sentence. On appeal, Williams argued that the reasons were invalid under Hendrix and Scurry. In affirming the First District’s approval of the departure sentence, the supreme court stated:
Neither the continuing and persistent pattern of criminal activity nor the timing of each offense in relation to prior offenses and release from incarceration or supervision are aspects of a defendant’s prior criminal history which are factored in to arrive at a presumptive guidelines sentence. Therefore, there is no prohibition against basing a departure sentence on such factors.
The supreme court in Williams also rejected the argument that the trial court was merely expressing its general disagreement with the sentencing guidelines and found that the court was permissibly expressing its conclusion that based on the facts of that particular case departure was justified. Therefore, on the basis of Williams, we affirm the appellant’s sentences.
The appellant’s second argument, that the trial court erred in assessing costs against him, has merit. He was found to be indigent but was not given notice or the opportunity to object to the imposition of costs according to the mandates of Jenkins v. State, 444 So.2d 947 (Fla.1984). The appellant also contends that, although the trial court did not specify under which statute the costs were assessed, the imposition of $1175.50 was improper under section 27.3455, Florida Statutes (1985), because it was an ex post facto application of the statute. The crimes for which the appellant was being sentenced occurred on June 11, 1985, prior to the effective date of the statute on July 1, 1985. We cannot ascertain from the record under which statute the costs were assessed; however, we note that had the costs been assessed pursuant to section 27.3455, they would have been improper. See State v. Yost, 507 So.2d 1099 (Fla.1987).
Accordingly, we affirm the appellant’s conviction and sentences but strike the costs without prejudice to the state to seek imposition of costs after proper notice and hearing.
SCHEB, A.C.J., and FRANK, J., concur.