511 So.2d 430 (1987)
James F. DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1003.
District Court of Appeal of Florida, Second District.
August 12, 1987.
*431 James Marion Moorman, Public Defender, and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Gary O. Welch, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
James F. Davis was charged on April 22, 1983 with the crimes of armed robbery and aggravated battery. He was a juvenile at the time but was tried pursuant to section 39.04(2)(e)(4), Florida Statutes (1983). The trial terminated in a hung jury. Rather than being retried, Davis pleaded no contest to a reduced charge of robbery with a weapon and aggravated battery. A sentencing hearing was conducted on January 9, 1984. At the hearing, Davis stated he did not want to be sentenced pursuant to the guidelines. He was sentenced to ten years probation on each charge with the condition that he serve 364 days in the county jail and the subsequent two years under community control.
Davis violated community control. The order of probation was modified to reflect an additional two year term of community control as well as 160 hours of community service. On July 11, 1985, an affidavit was filed alleging that Davis had once again violated community control by committing a series of robberies. At the sentencing hearing on April 10, 1986, Davis elected to be sentenced in accordance with the guidelines for the 1983 offenses. He was sentenced to a total of 30 years in prison as a result of the robberies which occurred in 1985. He received 45 years of probation for the 1983, pre-guidelines, offenses to run consecutively with the sentence for the 1985 crimes. The recommended guidelines range was twelve to seventeen years. The trial court stated that any one reason would warrant departure; three reasons were enumerated:
1. Defendant is a habitual felony offender.

*432 2. Protection of the public from further criminal activity by the defendant.
3. Failure of previous attempts to rehabilitate said defendant.
Davis urges three issues on appeal and the state has raised a point which merits discussion. Davis first challenges the trial court's reasons for departure. Habitual offender status is not a valid basis for departure. Whitehead v. State, 498 So.2d 863 (Fla. 1986). Protection of the public must also fail as a reason for departure. Copeland v. State, 503 So.2d 1301 (Fla.2d DCA 1987). The third departure ground  failure of previous attempts to rehabilitate  is also invalid under the circumstances found in the record. Tapia v. State, 509 So.2d 354 (Fla. 2d DCA 1987). Recidivism, alone, cannot support a departure sentence. Williams v. State, 504 So.2d 392, 393 (Fla. 1987); Hendrix v. State, 475 So.2d 1218 (Fla. 1985). In Williams our supreme court distinguished between an improper departure from the guidelines based upon a defendant's prior convictions, Hendrix, and a course of criminal behavior indicating the recidivist's inability to be restored to a law-abiding status. The area of permissible departure marked out in Williams, although dependent upon criminal history, requires "substantially more than a mere reference to the defendant's prior criminal record." Williams at p. 393; see Shelton v. State, 510 So.2d 1068 (Fla.2d DCA 1987); Jaggers v. State, 509 So.2d 1165 (Fla. 1st DCA 1987). Williams is satisfied and Hendrix is not offended in the circumstance where the trial court explicitly assesses objectively discernible elements such as a continuing, persistent or escalating pattern of criminal behavior. Here, however, the trial court's conclusory statement that previous attempts to rehabilitate Davis were fruitless falls short of the Williams standard. Thus, we remand for resentencing within the guidelines.
The state asserts that Davis' affirmative declination of a guidelines sentence at the time he was placed on probation for crimes committed prior to October 1, 1983, foreclosed his ability to receive a guidelines sentence upon the revocation of probation in 1986. In determining to reject the state's view, we do not find it necessary to pass upon the question of whether probation is a sentence. See Addison v. State, 452 So.2d 955 (Fla.2d DCA 1984); cf. State v. Malone, 489 So.2d 213 (Fla. 3d DCA 1986). The significant consideration is found in the guidelines' goal to eliminate "unwarranted variation in the sentencing process." Rule 3.701(d)(11), Fla.R.Crim.P. Exemplifying judicial obedience to the objective of achieving consistency in sentencing are the myriad instances when appellate review has resulted in the rejection of sentences imposed outside the guidelines for reasons our trial courts have deemed warranted but we have found not "clear and convincing." See Rule 3.701(d)(11), Fla.R.Crim.P. The guidelines are intended to accomplish a prescribed range of uniformity in the sentencing process. Indeed, to impart a reasonable degree of evenhanded certainty to the duration of punishments imposed through guidelines sentencing, the legislature excepted persons sentenced after October 1, 1983, from parole. § 921.001(8), Fla. Stat. (1983). It is expected that the Parole and Probation Commission will ultimately cease to exist. In short, because of the purpose to accord the sentencing guidelines a comprehensive application, enduring well into the years to come, it is our determination that Davis was entitled to select a guidelines sentence for the 1983 crimes. The record, however, does not contain a judgment and sentence for the 1983 offenses. A written sentence must be entered for the offenses of robbery with a weapon and aggravated battery. See Thomas v. State, 432 So.2d 202 (Fla.2d DCA 1983). Further, a formal written order indicating that Davis' earlier sentence of probation is revoked must also be entered. See, Cornett v. State, 506 So.2d 88 (Fla.2d DCA 1987).
Davis also asserts that the trial court committed error in imposing costs pursuant to section 943.25(4) and 960.20, Florida Statutes (1985), without the notice and hearing called for in Jenkins v. State, 444 So.2d 947 (Fla. 1984). Our review of the record discloses no discussion of these *433 costs which would have provided Davis with the opportunity to object. Sescon v. State, 506 So.2d 45 (Fla.2d DCA 1987). We, therefore, agree with his contention and strike the costs without prejudice to the state seeking to have the costs reassessed upon notice and a hearing. Id.
At the sentencing hearing on April 10, 1986, the court adjudicated Davis guilty of the pre-guidelines offense of robbery with a deadly weapon, notwithstanding that Davis had earlier pleaded to a reduced charge of robbery with a weapon. Both the offense with which he was charged and the offense to which he pleaded are first degree felonies. § 812.13(2)(a) and (b), Fla. Stat. (1985). When scored as prior record, each would have the same point value, thus rendering the trial court's erroneous oral adjudication harmless.
This matter is remanded for further proceedings consistent with this opinion.
SCHEB, A.C.J., and CAMPBELL, J., concur.