RYDER, Acting Chief Judge.
Appellant appeals the trial court’s departure from the presumptive guidelines range. At trial, the jury returned a verdict of guilty of attempted murder in the second degree and guilty of four counts of aggravated battery. A scoresheet was prepared indicating a guidelines range of seventeen to twenty-two years’ incarceration. At the sentencing hearing, which was held prior to the supreme court’s decision of Whitehead v. State, 498 So.2d 863 (Fla. 1986), the trial court adjudicated appellant guilty as per the jury’s verdict, found appellant to be a habitual offender and sentenced him to life in prison. The trial court stated, inter alia, in its written reasons for departure that “[a] life sentence is mandatory under Florida Statute 775.084 since the defendant was convicted of a first degree felony and declared to be an [sic] habitual felony offender.”
We reverse appellant’s sentence based on the authority of Whitehead. It is apparent from the statement “a life sentence is mandatory” that the habitual offender finding was the trial court’s primary reason for departing. Since that reason is clearly improper under Whitehead, we cannot be convinced beyond a reasonable doubt that the trial court would have departed absent the invalid reasons. Casteel v. State, 498 So.2d 1249 (Fla.1986); Albritton v. State, 476 So.2d 158 (Fla.1985).
When appellant is resentenced, the following guidelines principles should be kept in mind. Victim injury and prior record are invalid reasons for departure when already factored into the scoresheet. Vanover v. State, 498 So.2d 899, 901 (Fla. 1986); Hendrix v. State, 475 So.2d 1218, 1220 (Fla.1985). An escalating pattern of more serious and violent offenses and prior unscored juvenile convictions are both valid reasons for departure. Williams v. State, 504 So.2d 392 (Fla.1987); Keys v. State, 500 So.2d 134 (Fla.1986); Weems v. State, 469 So.2d 128 (Fla.1985). Failure to respond to past rehabilitation efforts and a lack of regard for the law and judicial system have been found to be valid reasons by this court. Fuller v. State, 488 So.2d 594 (Fla. 2d DCA 1986). No citation is needed for the well-settled guidelines principle that in order for any valid reason to be found “clear and convincing” on appeal, that reason must be supported by the record.
We affirm appellant’s convictions and reverse and vacate his sentences and remand for resentencing.
Affirmed in part; reversed in part and remanded with instructions.
HALL and THREADGILL, JJ., concur.