MENENDEZ, MANUEL, JR., Associate Judge.
Powell appeals from his conviction and sentence for aggravated battery and from his sentences for tampering with a state witness, battery on a law enforcement officer and possession of cocaine. Appellant’s first two points on appeal are that the trial court erred in excluding evidence favorable to appellant at trial and that the trial court erred in allowing the state to impeach its own witness, thus admitting evidence that would not otherwise have been admissible. We find no merit in appellant’s first two points on appeal. Accordingly, we affirm his conviction.
Appellant’s third point on appeal is that the trial court improperly departed upward from the sentencing guidelines. The guidelines scoresheet indicated a recommended range of two-and-one-half to three-and-one-half years. The trial court sentenced appellant to fifteen years in prison. At sentencing, the court set out the following written reasons for departure:
1. The defendant poses a future danger to society.
2. The defendant has exhibited a pattern of violent behavior.
3. This behavior is frequently exhibited against law enforcement officers, which reflects a disregard for the rules of society and the criminal justice system. This is not something scored into the guidelines. The guidelines simply examine degree of offense. They do not deal specifically with the type of offense. Charges such as battery on a law enforcement officer, resisting arrest with violence and tampering with a state’s witness reflect a complete lack of regard for the needs and rights of society.
4. The defendant, while under sentence to prison and out of custody on superse-deas bond, committed new offenses. This court finds that such conduct did not fit within the category of prior restraint; however, it is indicative of an attitude and lifestyle which fly in the face of a country based upon laws and should be considered.
The court is cognizant of the fact that this may not constitute a valid reason for *1296 departure in and of itself. However, it states this reason as corroboration for the other reasons contained herein. It further evidences a refusal to learn from past mistakes and an ability [sic] to be rehabilitated.
The first reason, “defendant poses a future danger to society,” is an invalid ground for departure. Broomhead v. State, 497 So.2d 734 (Pla. 2d DCA 1986); Campbell v. State, 486 So.2d 61 (Fla. 4th DCA 1986); Lindsey v. State, 453 So.2d 485 (Fla. 2d DCA 1984). The other reasons, in the context of this case, are, however, valid grounds for departure.
While the trial court’s second reason, “pattern of violent behavior,” may not in and of itself be a proper ground for departure, Williams v. State, 492 So.2d 1308, 1309 (Fla.1986), a pattern of criminal activity, when considered in conjunction with the timing of the offenses, may provide a valid basis for departure. Williams v. State, 504 So.2d 392, 393 (Fla.1987); Shelton v. State, 510 So.2d 1068 (Fla. 2d DCA 1987). Clearly, a departure may not be based upon a factor already considered in arriving at a presumptive guidelines sentence. State v. Mischler, 488 So.2d 523 (Fla.1986). A defendant’s prior criminal history which is scored cannot therefore be used as a basis for departure. Hendrix v. State, 475 So.2d 1218 (Fla.1985). Thus, if the only basis for finding that a defendant’s pattern of criminal activity justifies departure is the defendant’s scored criminal history, such departure is improper. Williams, 492 So.2d at 1309. However, considering an “escalating course of criminal conduct” is more than merely considering a defendant’s scored prior criminal history, and thus a valid ground for departure. Keys v. State, 500 So.2d 134 (Fla. 1986). Likewise, as the Florida Supreme Court noted in Williams v. State, 504 So.2d at 393:
Neither the continuing and persistent pattern of criminal activity nor the forming of each offense in relation to prior offenses and release from incarceration or supervision are aspects of a defendant’s prior criminal history which are factored into arrive at a presumptive guidelines sentence. Therefore, there is no prohibition against basing a departure sentence on such factors.
The trial court herein considered and stated as its fourth reason the timing of the offenses, to-wit, “commission of new offenses while out on bond demonstrating an inability to be rehabilitated.” Thus, here, as in Williams, there appears to be no prohibition against departure based on the factors of the defendant’s pattern of violent behavior and the timing of the offenses. Such factors clearly constitute more than a mere reference to the defendant's prior criminal history.
The trial court’s third stated reason, “lack of respect for the law and system of law,” would not be a valid reason for departure if the only evidence to support such a finding was the defendant’s prior record. Staten v. State, 500 So.2d 297 (Fla. 2d DCA 1986). However, as the trial court noted, the basis for this finding was not merely the defendant’s prior criminal record but the character and type of prior offenses, to-wit: battery on a law enforcement officer, resisting arrest with violence, and tampering with a state witness. Based on the nature of these offenses, the trial court properly concluded that the defendant had in fact exhibited a lack of regard for the law and the judicial system — a valid reason upon which to justify a departure. Santana v. State, 507 So.2d 680 (Fla. 2d DCA 1987); Fuller v. State, 488 So.2d 594 (Fla. 2d DCA 1986).
*1297 Where there exist both valid and invalid reasons, the sentence should be reversed and remanded for resentencing unless the state can establish beyond a reasonable doubt that the trial court would have departed to the same extent absent the invalid reasons. Casteel v. State, 498 So.2d 1249 (Fla.1986); Wade v. State, 482 So.2d 346 (Fla.1986); Albritton v. State, 476 So.2d 158 (Fla.1985).[1] The trial court, in concluding its written reasons for departure, made it clear that it considered any one of the stated reasons as sufficient to justify departure to the same extent. Such a statement, in and of itself, is insufficient to satisfy the applicable burden. Griffis v. State, 509 So.2d 1104 (Fla.1987). However, the valid reasons herein are quite substantial. Weighed against the one invalid reason, which was merely superfluous, we are compelled to find that the state has met the burden of showing beyond a reasonable doubt that the court would have departed regardless of the invalid reason. Any error of the trial court in articulating the one *1298 invalid reason is harmless.[2] Accordingly, we affirm appellant’s sentences.
Affirmed.
SCHEB, A.C.J., and SCHOONOVER, J., concur.

. Pursuant to section 921.001(4)(b), Florida Statutes (1983), the Sentencing Guidelines Commission submitted proposed changes in the sentencing guidelines requiring amendment of Florida Rules of Criminal Procedure 3.701 and 3.988. In Rules of Criminal Procedure Sentencing Guidelines — Amendments, No. 69,411 (Fla. Apr. 2, 1987) [12 F.L.W. 162], the Florida Supreme Court accepted some of the recommended changes and declined to accept others. Among the Commission’s recommended changes, the Commission recommended that the guidelines be changed to provide that where multiple reasons to support a departure are given, the departure be upheld where at least one clear and convincing reason is present regardless of the presence of other written reasons found not to be clear and convincing. The Florida Supreme Court, relying on its holding in Albritton, declined to adopt the recommended change.
The Florida legislature, however, amended section 921.001 to provide that: "a departure sentence shall be based upon circumstances or factors which reasonably justified the aggravation or mitigation of the sentence. The level of proof necessary to establish facts supporting a departure from a sentence under the guidelines is a preponderance of the evidence. When multiple reasons exist to support a departure from a guidelines sentence, the departure shall be upheld when at least one circumstance or factor justifies the departure regardless of the presence of other circumstances or factors found not to justify departure.”
Subsequent to the legislature’s amendment of section 921.001, the supreme court in Rules of Criminal Procedure — Amendment—Sentencing Guidelines, 509 So.2d 1088 (Fla.1987), withdrew its opinion filed April 2, 1987 and substituted a new opinion providing that the court withdrew its recommendations to the legislature with the exception of the two recommendations that the legislature had approved pertaining to amending the definition of prior record to include misdemeanor convictions for violating local ordinances that are also violations of state statutes and the scoring of victim injury. The supreme court noted the numerous amendments to section 921.001 made by the legislature. The court stated, "We have not considered those amendments and make no ruling as to their validity in this opinion.”
Since its opinion of June 29, 1987, the supreme court has stated that it sees "no reason to recede from” its Albritton decision. Griffis v. State, 509 So.2d 1104 (Fla.1987). In Griffis, the supreme court answered the following question:
DOES A TRIAL COURT’S STATEMENT, MADE AT THE TIME OF DEPARTURE FROM THE SENTENCING GUIDELINES, THAT IT WOULD DEPART FOR ANY ONE OF THE REASONS GIVEN, REGARDLESS OF WHETHER BOTH VALID AND INVALID REASONS ARE FOUND ON REVIEW, SATISFY THE STANDARD SET FORTH IN ALBRIT-TON V STATE?
In answering the question in the negative, the supreme court reiterated the principle of Albrit-ton. The court stated:
In Albritton v. State, 476 So.2d 158 (Fla.1985), we held that where the appellate court finds some reasons for departure to be valid, it must reverse unless the state can show beyond a reasonable doubt that the sentence would have been the same without the invalid reason. We cannot in good conscience say that such a standard can be met through anticipatory language of the trial judge rather than the reweighing of only the appropriate departure factors. The trial judge should have the opportunity to review and weigh the appropriate factors under the guidance of the appellate court’s review of the reasons given. We see no reason to recede from our position of December 1985.
We reiterate the principle of Albritton. Such a sentence can be affirmed only where the appellate court is satisfied by the entire record that the state has met its burden of proving beyond a reasonable doubt that the sentence would have been the same without the impermissible reasons. A statement by the trial court that it would depart for any of the reasons given, standing alone, is not enough to satisfy that burden.

. The Albritton standard of "beyond a reasonable doubt” is a higher standard than that set out in newly amended section 921.001(5) which requires only a "preponderance of the evidence.” We affirm on the basis of the Albritton standard.