EDWARD F. BOARDMAN, (Ret.) Judge.
Appellant Mark Daniel Winkler appeals his convictions and sentences for three counts of manslaughter by culpable negligence and one count of leaving the scene of an accident involving death. He was sentenced to forty-one years’ imprisonment. The recommended guidelines presumptive range was twelve to seventeen years. We affirm.
*1018 After careful examination of the record, we find that there was sufficient circumstantial evidence upon which the jury could base its verdict of guilty.
Apellant urges it was error for the trial judge to sentence him far in excess of the recommended sentence. At the outset, we mention that this court does not have the authority to review the extent of the departure from a guidelines sentence. See Traver v. State, 502 So.2d 1009 (Fla. 2d DCA 1987).
Appellant contends that the trial court did not provide “clear and convincing” reasons for departure. We agree with appellant that some of the trial court’s reasons for departure are invalid in that they either are based upon factors inherent in the offenses charged, see State v. Cote, 487 So.2d 1039 (Fla.1986), or upon factors relating to prior arrests for which convictions had not been obtained. Fla.R.Crim.P. 3.701(d)(ll). Upon review of the record, however, we are convinced beyond a reasonable doubt that the trial court would have departed solely on the basis of its perception that appellant’s conduct was a continuing, persistent pattern of criminal activity, i.e., driving under the influence of alcohol, which escalated to the point that he was responsible for the killing of the three innocent people in this case. See Williams v. State, 504 So.2d 392 (Fla.1987) (no prohibition against basing a departure sentence on continuing and persistent pattern of criminal activity or timing of each offense in relation to prior offenses and release from incarceration or supervision). Accordingly, we affirm appellant’s sentences. See Casteel v. State, 498 So.2d 1249 (Fla. 1986).
We have considered and find no merit to any of the other points appellant raises regarding his convictions and sentences.
Affirmed.
CAMPBELL, A.C.J., and HALL, J., concur.