PER CURIAM.
The appellant, Eddie Jackson, seeks review of the sentence imposed after his term of community control was revoked. We reverse.
The appellant initially pled guilty to a charge of having committed lewd assault on June 21, 1983. At his sentencing hearing on October 24, 1983, the appellant chose not to be sentenced in accordance with the guidelines. The trial court withheld adjudication and placed the appellant on probation for fifteen years. The appellant’s term of probation was subsequently revoked, and he was placed on community control for a period of two years. The appellant was later charged with and pled guilty to violating the terms of his community control. At the revocation hearing, the trial court announced that it was “going to rule that having made the election not to be sentenced under the guidelines back in October 1983, that that election still stands.” The trial court revoked the appellant’s community control, adjudicated him guilty of lewd assault, and sentenced him to fifteen years imprisonment, the statutory maximum for the offense, although the guidelines scoresheet indicated a recommended sentence of community control or twelve to thirty months incarceration. The appellant timely filed notice of appeal.
A defendant may elect guidelines sentencing when his community control is revoked even though the defendant declined guidelines sentencing at a previous sentencing hearing. See Davis v. State, 511 So.2d 430 (Fla. 2d DCA 1987). Although a defendant must affirmatively elect guidelines sentencing for a preguide-lines offense, the opportunity to make such an election was denied this appellant when the trial court ruled that the appellant’s previous waiver of guidelines sentencing “still stands.” We, therefore, reverse the fifteen year sentence imposed and remand for resentencing after the appellant has been given the opportunity to elect or reject guidelines sentencing.
Reversed and remanded.
DANAHY, C.J., and SCHOONOVER and THREADGILL, JJ., concur.