HALL, Judge.
Curtis Norton appeals his sentence for attempted armed robbery. He contends that, because he did not affirmatively elect to be sentenced pursuant to the sentencing guidelines, this cause must be remanded for the inclusion on his sentencing order of a notation that he retains the right to parole.
The appellant was originally convicted of an attempted armed robbery that occurred *349 on January 24,1983. On April 12,1983, he was placed on three years’ probation as a result of that conviction. On May 23,1985, the appellant was found to have violated the terms of his probation and was placed on eighteen months’ community control. Thereafter, on October 3, 1985, and March 13, 1986, he was again brought before the court for violation of the terms of his community control. Both of these violations resulted in two-year extensions of his community control. On June 18, 1986, the appellant was once again brought before the court for violation of the terms of his community control. At this hearing the court revoked the appellant’s community control, departed from the guidelines, and sentenced the appellant to fifteen years’ imprisonment. The appellant filed a timely appeal from that sentence, contending that he did not affirmatively elect to be sentenced under the guidelines.
The state contends that counsel for the appellant expressed the appellant's desire to elect guidelines sentencing at the May 23, 1985, hearing at which the appellant’s probation was revoked and the appellant was placed on community control.
We are unable to find any record of the appellant affirmatively electing to be sentenced under the guidelines. We do note that counsel for the appellant discussed the guidelines with the court at the June 18, 1986, sentencing hearing and requested that the court stay within the guidelines.
A defendant placed on probation or community control before October 1, 1983, is entitled to elect whether to be sentenced pursuant to the guidelines after that date upon revocation of his probation or community control. State v. Boyett, 467 So.2d 997 (Fla.1985). See also Jackson v. State, 517 So.2d 759 (Fla. 2d DCA 1987). The transcript of the May 23, 1985, hearing, at which the appellant’s probation was revoked, reveals that the appellant did not affirmatively elect to be sentenced pursuant to the guidelines. Although a score-sheet was prepared and defense counsel discussed it with the court, these actions have been repeatedly held not to constitute an affirmative election of guidelines sentencing by an appellant. Blackwelder v. State, 476 So.2d 280 (Fla. 2d DCA 1985); Jackson v. State, 478 So.2d 515 (Fla. 2d DCA 1985); Bogan v. State, 502 So.2d 1341 (Fla. 2d DCA 1987).
We therefore remand this case to the trial court for inclusion on the sentencing order of a notation that the appellant’s sentence is not a guidelines sentence and the appellant retains the right of parole.
Affirmed but remanded for correction of sentencing order.
RYDER, A.C.J., and FRANK, J., concur.