525 So.2d 429 (1988)
Onelio SILVEIRA, Appellant,
v.
STATE of Florida, Appellee.
No. BP-96.
District Court of Appeal of Florida, First District.
February 4, 1988.
As Modified May 20, 1988.
*430 Michael E. Allen, Public Defender, and Phil Patterson, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Patricia Conners, Asst. Atty. Gen., Tallahassee, for appellee.

MODIFIED OPINION
PER CURIAM.
This cause is before us on appeal of appellant's conviction for aggravated assault and the trial court's departure from the guidelines recommendation in sentencing appellant to five years' incarceration. The record reflects that appellant, a Cuban national who came to this country in 1980 via the Mariel boat lift, committed the latest in a series of offenses when trying to rescue a friend who had been caught after committing a crime. This occurred on January 18, 1986, when appellant's friend was apprehended after stealing a bottle of MD 20/20 and a carton of Virginia Slims cigarettes. Because the other man was only being held by a store employee, appellant was able to secure his release by charging at the employee with a machete and threatening him harm. Appellant and his friend were captured within an hour of the incident.
Following his arrest and jury trial, appellant was convicted of aggravated assault on the employee. The trial court ordered a presentence investigation report, which revealed a number of convictions for weapons offenses or batteries since appellant entered the United States. Appellant has also admitted spending seven months in a Cuban jail for "fighting," but his Cuban criminal record, if any, was unavailable and not considered.
In deciding to impose a five-year sentence rather than the guidelines recommendation of any non-state prison sanction, the trial court noted the following reason as the basis of its departure:
The defendant's ascertainable record dates back from only five years, since he arrived in the United States from Cuba during the Mariel boat lift. Within that five-year period, he has been convicted of carrying a concealed weapon in April 1981; battery in May 1981; battery in April 1983; battery in July 1984; carrying a concealed weapon in December 1984; in addition to the instant offense of aggravated assault. The December 1984 offense was committed while the defendant was on county court probation. Based upon the defendant's overall ascertainable criminal record, the defendant is not a proper candidate for probation and appears to the court to be a danger to society and should be incarcerated.
The sole issue on appeal is that the trial court erred in imposing a departure sentence. Though appellant argues that the trial court's departure statement is entirely invalid under Hendrix v. State, 475 So.2d 1218 (Fla. 1985), we take a different view. As in Williams v. State, 504 So.2d 392 (Fla. 1987), we believe the trial court's references to appellant's prior record are "something more" than a mere recitation of factors already scored. The departure statement, phrased the way it was, indicates several valid concerns. First, the court noted that in only five years appellant has committed two status offenses involving weapons and three misdemeanor batteries against persons. The latter *431 crimes were crimes in which weapons were not involved. The instant offense, as the trial court noted, was an aggravated assault. This is appellant's first felony, and it is also the first time in which he has combined his tendency to carry a weapon with his tendency to attack people. In other words, the instant offense is the first one in which appellant has actually used a weapon against a person. This evidences an escalating pattern of criminal activity, a valid ground for departure under Keys v. State, 500 So.2d 134 (Fla. 1986); Pittman v. State, 492 So.2d 741 (Fla. 1st DCA 1986); Floyd v. State, 495 So.2d 872 (Fla. 5th DCA 1986); and Newland v. State, 508 So.2d 486 (Fla. 3d DCA 1987). We also note that it is appropriate to consider the departure reasons collectively to determine whether the departure is valid under the theory in Williams, supra, which viewed the reasons given as a whole in order to determine if they were more than a reference to a scored prior record. See also Williams v. State, 490 So.2d 1026, 1027 (Fla. 1st DCA 1986).
The trial court was also evidently concerned with appellant's particularly violent nature, as indicated by the recited string of convictions for battery and the instant aggravated assault. A particular defendant's violent nature, when not based solely on factors scored under prior record, is a valid ground for departure. See Blackshear v. State, 513 So.2d 174 (Fla. 1st DCA 1987). In the instant case, the court was not just concerned that appellant has amassed four convictions for crimes against persons in his lifetime. The court, rather, specifically noted that appellant has only been in the United States for five years. It is the trial court's decision to specifically link the four violent crimes with the fact that they had occurred in only five years, which makes this a valid ground for departure.
The trial court's care in indicating the dates of the prior offenses also demonstrates its valid concern over a continuing, consistent pattern of criminal behavior. This is an appropriate ground for departure under Williams v. State, 504 So.2d 392 (Fla. 1987); Brockington v. State, 506 So.2d 495 (Fla. 5th DCA 1987); and Winkler v. State, 515 So.2d 1017 (Fla. 2d DCA 1987).
The trial court's last sentence in its departure statement amounts to an invalid reason for departure. This is because appellant's not being "a proper candidate for probation" and "a danger to society" is expressly linked to his prior record, which was already scored. The court also made a factual mistake when it stated that appellant was on probation when he committed the December 1984 offense. We are nonetheless convinced beyond a reasonable doubt that absent the improper final reason, the trial court still would have departed for the valid reasons stated earlier. This is because the final sentence is a conclusion based on the more inclusive valid reasons which came before it and, as such, is subsumed by those more inclusive valid reasons. See Ruiz v. State, 516 So.2d 1057 (Fla. 3d DCA 1987). We are also convinced beyond a reasonable doubt that, absent the erroneous probation violation finding, the trial court would still have sentenced appellant outside the guidelines. Accordingly, the conviction and sentence are affirmed.
THOMPSON, J., and CHARLES E. MINER, Associate Judge, concur.
ERVIN, J., dissents with written opinion.
ERVIN, Judge, dissenting.
The majority's revised opinion deletes that portion of our original opinion relying upon the trial court's mistaken departure reason, which had stated that at the time the appellant committed the misdemeanor offense of carrying a concealed weapon, he had previously been placed on probation for the offense of battery. With the deletion of this reason, the majority's opinion concludes, although the trial court's reasons were not explicitly articulated, that three of the five reasons given may nonetheless be considered valid, because they can be fairly characterized as falling into the following categories of reasons that are generally recognized as permissible: (1) the defendant's escalating pattern of criminal offenses, (2) the defendant's particularly *432 violent nature, and (3) the defendant's continuing, consistent pattern of criminal behavior. Although I agree with the majority's description of the categories, I have difficulty in concurring with its conclusion that the trial court would necessarily reach the same result under the Albritton v. State, 476 So.2d 158 (Fla. 1985), reasonable doubt standard, notwithstanding the court's erroneous belief that the defendant had committed a crime while on probation.
Because I am not convinced beyond a reasonable doubt that the trial court's mistaken reason did not affect the length of the incarcerative term, I would reverse the sentence imposed and remand for resentencing.