SCHOONOVER, Judge.
The appellant, James Patterson, challenges the sentences imposed upon him after he was convicted of second degree murder and aggravated assault. We affirm.
The appellant was tried and found guilty of second degree murder and aggravated assault. The trial court adjudicated him guilty of these offenses and sentenced him to concurrent sentences of fifty years in prison on the second degree murder charge and ten years in prison on the aggravated assault charge. Consecutive three year minimum mandatory sentences were also imposed. On appeal the state conceded that the appellate record did not reflect that a guidelines scoresheet had been prepared. We, accordingly, reversed and remanded for resentencing. Patterson v. State, 506 So.2d 1143 (Fla. 2d DCA 1987).
On remand, a guidelines scoresheet indicating a sentencing range of between twenty-two and twenty-seven years with a recommended sentence of twenty-five years was produced and utilized by the trial court. This scoresheet was evidently prepared at the appellant’s original sentencing hearing but was not made part of the appellate record. The trial court imposed the same sentences upon the appellant and gave written reasons for departing from the guidelines. This timely appeal followed.
The appellant contends that the trial court erred in using the habitual offender status as a reason for departure from the recommended guidelines sentence and that the other reasons given by the trial court for departing were invalid as well. We agree that a defendant’s habitual offender status is an improper reason to depart from the sentencing guidelines. Whitehead v. State, 498 So.2d 863 (Fla.1986). See also Wade v. State, 513 So.2d 1358 (Fla. 2d DCA 1987). We find, however, that the court did set forth valid reasons for departure, Williams v. State, 504 So.2d 392 (Fla. 1987), see also Ledesma v. State, 528 So.2d 470 (Fla. 2d DCA 1988), and the record reflects beyond a reasonable doubt that the absence of any invalid reasons would not have affected the departure sentence. Albritton v. State, 476 So.2d 158 (Fla.1985). We, accordingly, affirm.
Affirmed.
CAMPBELL, C.J., and PATTERSON, J., concur.