557 So.2d 943 (1990)
Gerald DONLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 88-00908.
District Court of Appeal of Florida, Second District.
March 9, 1990.
*944 James Marion Moorman, Public Defender, and Robert Trogolo, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Judge.
The appellant, Gerald Donley, challenges the judgments and sentences entered in seven circuit court cases on the grounds that he was not given a proper probation revocation hearing. He also contends that the trial court erred by not entering proper orders revoking his probation. We agree that the court did not enter proper orders revoking the appellant's probation, but affirm in all other respects.
The appellant, while on probation in connection with seven different cases, was charged with violating four of the conditions of his probation. At the appellant's probation revocation hearing, the state elected to proceed on the basis that the appellant had violated condition three of his probation by leaving the county of his residence without consent, by changing his residence without consent, and by failing to notify his probation officer of his whereabouts. The state also contended that the appellant had not filed his monthly reports. The appellant's attorney announced that the appellant was admitting those charges and that the state had agreed to a maximum sentence of four years. He then proceeded to question the appellant concerning mitigation of the sentence. During this questioning, the appellant admitted violating the terms and conditions of his probation. At the conclusion of the hearing, the court found that the appellant violated his probation, and he was subsequently sentenced to four years in prison. This timely appeal followed.
We find no merit in the appellant's contention that he was not given a proper probation revocation hearing. At a probation revocation hearing, the court must advise the probationer of the charges, and then if admitted, the court may revoke the probation. § 948.06(1), Fla. Stat. (1987). A probation revocation hearing does not have to meet the strict requirements of a criminal trial. It is sufficient if the appellant is advised of the charges, evidence is presented, and the probationer has an opportunity to present his position. See Washington v. State, 284 So.2d 236 (Fla. 2d DCA 1973); McNeely v. State, 186 So.2d 520 (Fla. 2d DCA 1966). In this case, the appellant was represented by counsel, who admitted the charges, and represented to the court that the state had offered a maximum sentence of four years if the appellant admitted that he violated the terms and conditions of his probation. The appellant was allowed to state his position, and in seeking mitigation he also admitted violating condition three of his probation. Washington; McNeely. See also Leonard v. State, 391 So.2d 323 (Fla. 2d DCA 1980).
We agree, however, with the appellant's contention that the court erred by not entering proper orders finding that the appellant had violated probation. The *945 record contains forms entitled "Memo of Sentence of the Court" and uniform sentencing orders in connection with each of the seven cases. Neither the forms nor the sentencing orders are sufficient. When a court finds that a probationer has violated his probation, it must enter a formal order setting forth the conditions that it finds were violated. Cornett v. State, 506 So.2d 88 (Fla. 2d DCA 1987). See also Smith v. State, 492 So.2d 1099 (Fla. 4th DCA 1986). We, accordingly, remand with directions to enter proper probation violation orders. The appellant need not be present for this purpose. We affirm in all other respects.
Affirmed, but remanded with instructions.
RYDER, A.C.J., and PARKER, J., concur.