PER CURIAM.
The trial court revoked appellant’s probation and sentenced him to prison for violating condition J9 of his probation which required that appellant “remain confined to [his] approved residence except for one half hour before and after [his] approved employment, public service work or any other special activities approved by [his] community control officer.” The evidence showed that appellant worked at a grocery store until 5:30 p.m. and was thus required to be home by 6:00 p.m. As proof of a violation of this condition the state offered a document which evidenced that he pawned an item at a pawn shop at 5:20 p.m. Thus, it is clear from the time, appellant did not violate the provision cited, as the evidence fails to show that he was not in his residence by 6:00 p.m. While appellant might have violated another provision of probation, the state did not charge him with any other infractions, and probation cannot be revoked on grounds not charged in the affidavit of violation. See Joseph v. State, 615 So.2d 833, 834 (Fla. 4th DCA 1993). Therefore, since there is no evidence to support the conclusion that appellant violated condition J9, we reverse. See Anderson v. State, 711 So.2d 106, 108 (Fla. 4th DCA 1998). We remand for reinstatement of appellant’s probation.
WARNER, C.J., SHAHOOD and GROSS, JJ., concur.