931 So.2d 1005 (2006)
Kevin BURT, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-2082.
District Court of Appeal of Florida, Third District.
June 7, 2006.
Rehearing Denied July 11, 2006.
*1006 Bennett H. Brummer, Public Defender, and Billie Jan Goldstein, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Jennifer Falcone Moore, Assistant Attorney General, for appellee.
Before RAMIREZ, SHEPHERD, and CORTIÑAS, JJ.
PER CURIAM.
Defendant appeals from an oral order revoking community control. We find no abuse of discretion[1] and therefore affirm the sentence imposed on violation of community control. Porras v. State, 651 So.2d 183 (Fla. 3d DCA 1995).
The trial court failed to prepare a written order revoking Appellant's community control listing the conditions that were violated. Thus, we reverse the trial court to the extent that it must prepare a written order on the violations on remand. Rucker v. State, 890 So.2d 254 (Fla. 2d DCA 2004); Watson v. State, 807 So.2d 166 (Fla. 3d DCA 2002).
Affirmed in part; reversed in part; and remanded.
NOTES
[1] Defendant cites Nelson v. State, 753 So.2d 658 (Fla. 4th DCA 2000), where the court held that a defendant's visit to a pawn shop at 5:20 p.m., when he was permitted to remain at work until 5:30 p.m., was not a basis for revocation under a provision that required defendant to "remain confined to [his] approved residence except for one-half hour before and after [his] approved employment, public service work, or any other special activities approved by [his] community control officer." (Internal quotations omitted.) We find this case distinguishable because the stipulated testimony in this case demonstrates that defendant made the unauthorized visits outside of any time that defendant was authorized for purposes of work or travel.