980 So.2d 532 (2008)
Nathaniel ASH, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-5242.
District Court of Appeal of Florida, Second District.
March 26, 2008.
James Marion Moorman, Public Defender, and Richard J. D'Amico, Special Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Danilo Cruz-Carino, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
Nathaniel Ash was convicted by a jury for possession of cannabis within 1000 feet of a church with intent to sell, possession of drug paraphernalia, giving false name to a law enforcement officer, resisting arrest with violence, battery on a law enforcement officer, and tampering with physical evidence. At the time of his arrest for the charges, Mr. Ash was on probation. Because of errors in the sentencing order, we reverse and remand with instructions.
Mr. Ash raises four issues on appeal, only two of which have merit. We affirm without comment the circuit court's denial of the midtrial motion to suppress the cannabis found on or about Mr. Ash's person. We also affirm without comment the denial of Mr. Ash's motion for judgment of acquittal. We address the two remaining issues below.

*533 Probation Violation and Revocation
Because Mr. Ash was on probation for cases 2004-CF-008199 and 2005-CF-006406 at the time of his arrest, the arrest and subsequent jury conviction could result in a violation of his probation. Although the circuit court revoked his probation and adjudicated him guilty of violating his probation, it failed to identify the specific condition(s) of probation that Mr. Ash had violated. Accordingly, we remand this case and direct the circuit court to enter a written order of revocation for cases 2004-CF-008199 and 2005-CF-006406 specifying the condition(s) Mr. Ash was found to have violated. See Cato v. State, 845 So.2d 250 (Fla. 2d DCA 2003) (remanding with direction to the trial court to enter a formal order of revocation of probation listing the specific conditions that the defendant had violated).

Scrivener's Error in Written Sentencing Order
Mr. Ash points out, and the State concedes, that the written sentencing order does not comport with the oral pronouncement made at the October 20, 2006, sentencing hearing. Therefore, the circuit court is also directed to issue a new sentencing order that conforms to the court's oral pronouncement.
Affirmed and remanded with directions.
FULMER and CANADY, JJ., Concur.