ROTHENBERG, J.
The defendant, James Daniels, appeals from an order revoking his probation and sentencing him to a term of 33.675 months in prison. We affirm, but remand for entry of an order consistent with this opinion.
Pursuant to a plea agreement entered on May 16, 2008, the defendant was sentenced to thirty days in jail followed by one year of probation. In August 2008, the State filed an affidavit of violation, and following a hearing held on August 26, 2008, the defendant accepted the trial court’s offer to reinstate his probation with the same previously imposed conditions.
On March 13, 2009, the State filed a second amended affidavit of probation violation, alleging that the defendant violated his probation because he failed to complete an anti-theft course; failed to pay the drug testing fee; failed to report within seventy-two hours of being released from jail on August 26, 2008; changed his residence without the consent of his probation officer and absconded as his whereabouts were unknown; and committed the subsequent offense of possession of cannabis.
*923 At a hearing, the State offered a bottom of the guidelines plea of 32.17 months, but agreed to entertain a counteroffer. The defendant’s counteroffer of 180 days was rejected by the State. Thereafter, the defendant requested that the trial court sentence him to 364 days in jail and to allow him to complete his sentence only on weekends due to his employment. In response, the State agreed to consider the defendant’s counteroffer. In response, however, defense counsel stated that “it will be best to set this case for a [probation violation hearing] as soon as the State can be ready.”
At the probation violation hearing, the State offered a plea of 33.675 months, which is at the bottom of the guidelines. The defendant did not accept the offer, and the case proceeded. After the evidence and testimony were presented, the trial court found that the State had established by a preponderance of the evidence that there was a willful and substantial violation of probation. The trial court, however, failed to specify which conditions of probation the defendant had violated. The State informed the trial court that the defendant scored between 33.675 months and five years. However, because defense counsel argued that there was a 364-day offer made by the State, the trial court agreed to continue the hearing to review the transcript of the previous hearing.
At the subsequent sentencing hearing, the trial court found that the transcript reflected that the State never extended a plea offer of 364 days to the defendant. Rather, it was defense counsel who requested an offer of 364 days, and the State only agreed to consider the defendant’s request. Thereafter, the trial court sentenced the defendant to 33.675 months in prison. The defendant’s appeal followed.
As to the defendant’s first point raised on appeal, the State properly concedes that the trial court erred by failing to identify, either at the probation violation hearing or in its written order, the specific condition(s) of probation that the defendant had violated. Therefore, we remand for entry of an order that specifies which condition(s) the defendant violated. See Ash v. State, 980 So.2d 532, 532 (Fla. 2d DCA 2008); Burt v. State, 931 So.2d 1005, 1006 (Fla. 3d DCA 2006); Cato v. State, 845 So.2d 250, 251 (Fla. 2d DCA 2003).
As to his second point on appeal, the defendant argues that the trial court erred in sentencing him to 33.675 months in prison because he believed that the maximum sentence he would receive was 364 days in jail. Based on our independent review of the record, including the same transcript reviewed by the trial court, we conclude that this argument lacks merit.
Remanded with directions.