CASANUEVA, Judge.
Mr. Matzke raises two issues on appeal in this challenge of his revocation of probation. Regarding the first issue, an alleged Nelson[1] violation, we find no reversible error and affirm without further comment. However, we reverse on the second issue, the trial court’s failure to make all necessary findings for a revocation of probation, and remand for further proceedings.[2]
The State charged Mr. Matzke with four violations of the conditions of his probation.[3] The trial court revoked Mr. Matz-ke’s probation after a hearing, finding that there was sufficient evidence to demonstrate a violation. But neither the trial court’s oral pronouncement nor its written order identifies which violátions it found Mr. Matzke to have committed.
A trial court must identify the specific conditions which it finds a defendant has violated. Ash v. State, 980 So.2d 532, 533 (Fla. 2d DCA 2008); Daniels v. State, 45 So.3d 922, 923 (Fla. 3d DCA 2010). Therefore, we reverse and remand for the trial court to enter a corrected order specifying the conditions violated. If the trial court finds that Mr. Matzke violated condition four, it shall specify which new law offenses Mr. Matzke committed.
Affirmed in part, reversed in part, and remanded with directions.
WALLACE and LaROSE, JJ., Concur.

. Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).

. Mr. Matzke raised several other issues in his pro se brief. We decline to address these other issues at this time.

. The affidavit of violation of probation contained two enumerated violations. However, in the first of these, the State alleged that Mr. Matzke had violated condition four by committing three separate new law offenses.