730 So.2d 830 (1999)
Gregory H. PETERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 98-01024.
District Court of Appeal of Florida, Second District.
April 14, 1999.
*831 Ralph Barreira, Miami, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann Pfeiffer Howe, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Acting Chief Judge.
We affirm Gregory Peterson's convictions for possession of a counterfeit controlled substance and sale of such a substance. We comment only on the sentencing procedure in this case. We are concerned that the trial court's procedure of preparing only a sentencing memorandum when imprisonment is not imposed is a very unusual practice that may result in mischief.
At the sentencing hearing on March 6, 1998, the trial court initially sentenced Mr. Peterson to twenty-two months' imprisonment followed by three years of drug offender probation. Following a recess, this sentence was orally corrected to "one year in the Polk County jail." Although we are still uncertain, we believe that the period of probation initially imposed was deleted after the recess. If so, this sentence is now fully served.
Our record contains no sentence on a form comparable to any form in Florida Rule of Criminal Procedure 3.986. When this court ordered that the record be supplemented with the sentence so we could determine whether probation was imposed, we were informed by the Clerk of the Tenth Judicial Circuit that written sentences are only prepared in that circuit for sentences of state imprisonment. When a sentence imposes only probation or a term in the county jail, apparently this circuit is relying exclusively upon the "Memo of Sentence," also called a "snapout." This procedure makes it difficult for the appellate court to determine the sentence and to review the conditions of probation. We attach as an appendix the two sentencing documents created in this case to demonstrate the problem.
We have not been asked to reverse this sentence and we affirm this appeal. We caution the judges in the Tenth Circuit, however, that the procedure they apparently are utilizing on a regular basis may not always create an adequate record for review.
Affirmed.
WHATLEY and CASANUEVA, JJ., Concur.