735 So.2d 525 (1999)
Buster GRANTHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 97-05074.
District Court of Appeal of Florida, Second District.
May 14, 1999.
Rehearing Denied June 18, 1999.
James Marion Moorman, Public Defender, and William L. Sharwell, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Acting Chief Judge.
Buster Grantham appeals the order revoking his community control and the *526 resulting sentence of incarceration. We affirm the order revoking community control for a violation of condition 10. On remand, the trial court must enter a formal, written order of revocation because the memorandum of sentencing in the file is insufficient to serve as that order. See Donley v. State, 557 So.2d 943 (Fla. 2d DCA 1990).
Mr. Grantham also challenges the inclusion of eighteen points on his scoresheet for possession of a firearm during the commission of his crime. We conclude that these points are not prohibited by White v. State, 714 So.2d 440 (Fla.1998), and affirm on this issue.
Mr. Grantham pleaded nolo contendere to the charge of "armed" trafficking in methamphetamine for events occurring in September 1996. In 1996, trafficking in methamphetamine, for a quantity more than 28 grams but less than 200 grams, was a first-degree felony. See § 893.135(1)(f)(1)(b), Fla. Stat. (Supp. 1996). Because Mr. Grantham used a weapon during the commission of this trafficking offense, the crime was reclassified by one felony degree, and its penalty was enhanced by one sentencing level. See § 775.087(1), Fla. Stat. (Supp.1996). It was not essential that the weapon be a firearm for this reclassification to occur.[1] The trafficking offense could have been reclassified if a knife or any weapon had been used during the commission of the offense. Coincidentally, the resulting enhancement of the sentencing level adds eighteen points to Mr. Grantham's scoresheet, which is the same number of points added for use of a firearm under section 921.0014(1), Florida Statutes (Supp.1996).
Mr. Grantham argues that the inclusion of the points attributable to the use of a weapon under section 775.087(1) prohibits the court from including the points for use of a firearm under section 921.0014(1), Florida Statutes (Supp.1996). See also Fla. R.Crim. P. 3.703(d)(19). Because trafficking in methamphetamine, armed or otherwise, is not an offense enumerated in section 775.087(2) and the carrying or possessing of a weapon or firearm is not an essential element of that offense, we conclude that the trial court properly reclassified the felony pursuant to section 775.087(1), resulting in an increase of sentencing points. Because Mr. Grantham's weapon of choice was a firearm, the sentence was further enhanced pursuant to section 921.0014(1) for use of a firearm.[2] Unlike White, this is not a situation in which the carrying or possessing of a firearm was an essential element of the charged offense even after the offense was reclassified. The trial court simply fulfilled the intent of the legislature that is expressed in these two separate statutes.
Affirmed with instructions.
CASANUEVA, J., and DANAHY, PAUL W., (Senior) Judge, Concur.
NOTES
[1] Indeed, the reclassification can occur if the defendant commits an aggravated battery without use of any weapon. See § 775.087(1), Fla. Stat. (Supp.1996).
[2] Even if we were to find error in the inclusion of these points, we are not convinced that we could provide relief. Our record does not reflect any objection to the scoresheet, either at the original sentencing or upon the revocation of community control. Mr. Grantham did not seek relief through Florida Rule of Criminal Procedure 3.800(b).