760 So.2d 289 (2000)
Christopher Lucas MONROE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-3489.
District Court of Appeal of Florida, Second District.
June 9, 2000.
James Marion Moorman, Public Defender, and Bruce P. Taylor, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Acting Chief Judge.
Christopher L. Monroe appeals an order revoking his probation and sentencing him to time served. Although an error in such an order might usually be deemed moot, we conclude that this particular order requires correction.
This is another case in which the order on appeal is a "Memo of Sentence" or "snapout." This is disturbing because this court held as early as 1990 that such an order was an inadequate order of revocation of probation. See Donley v. State, 557 So.2d 943, 945 (Fla. 2d DCA 1990). This court warned the Tenth Circuit about the continuing use of such orders months before the Tenth Circuit entered this order on August 10, 1999. See Peterson v. State, 730 So.2d 830, 831 (Fla. 2d DCA 1999). We issued yet another opinion, after Peterson and before the Tenth Circuit entered this order, holding Memos of Sentence inadequate to serve as orders of revocation. See Grantham v. State, 735 So.2d 525, 526 (Fla. 2d DCA 1999) (citing Donley, 557 So.2d 943).
*290 This Memo of Sentence states that "court found deft violated cond # 4." Condition 4 requires that a probationer not violate the law. In this record, the only violation of condition 4 the affidavit of violation alleges is a home invasion on March 22, 1999. The record contains absolutely no evidence of such a home invasion. Apparently, an affidavit of violation of probation in another case involving Mr. Monroe alleged a different offense as a violation of condition 4. Mr. Monroe is now serving a prison sentence because he violated probation in that case.
It would appear that the trial court entered this order merely to clean up Mr. Monroe's record, while sending him to prison in the other case. Nevertheless, the record incorrectly states that the State proved Mr. Monroe committed a home invasion.
Because the trial court used the Memo of Sentence, there is no order of violation in this case. The record contains no evidence relevant to the grounds for violation alleged in the affidavit. Thus, despite the sentence of time served, we are constrained to reverse this "Memo of Sentence" and remand to the trial court to correct its error.
On remand, if the trial court finds a violation of probation, it shall enter a formal, written order of violation and shall not use a Memo of Sentence as the dispositive document. See Rebollar v. State, 752 So.2d 1287, 1287 (Fla. 2d DCA 2000); Wagner v. State, 744 So.2d 1155, 1156 (Fla. 2d DCA 1999); Grantham, 735 So.2d at 526.
Remanded with directions.
GREEN and CASANUEVA, JJ., Concur.