ALTENBERND, Acting Chief Judge.
Cora L. Richardson appeals her sentences for solicitation to commit prostitution. We reverse and remand to the trial court to enter sentences on forms that conform to Florida Rule of Criminal Procedure 3.986.
The State charged Ms. Richardson in two separate felony informations with deriving support from the earnings of a person engaged in prostitution. See § 796.07(4), Fla. Stat. (1999). As to each information, she entered into a plea agreement and pleaded guilty to the lesser offense of solicitation. The trial court sentenced her on July 9,1999. The trial court orally imposed concurrent one-year sentences of probation with time served in county jail as a condition of probation. These sentences are consistent with the plea agreement and authorized by law. See § 948.03(6), (7), Fla. Stat. (1999); Waite v. City of Fort Lauderdale, 681 So.2d 901, 902 (Fla. 4th DCA 1996).
Unfortunately, the trial court used the infamous “memo of sentence” to sentence Ms. Richardson. See Peterson v. State, 730 So.2d 830, 831 (Fla. 2d DCA 1999) (filed April 14, 1999); Grantham v. State, 735 So.2d 525, 526 (Fla. 2d DCA 1999) (filed May 14, 1999). The clerk did not check the box on this form that makes jail a condition of probation. The phrase “time served” was scribbled in the commitment section of the form with no indication that this jail time was a condition of probation. Neither the form nor the oral pronouncement states the amount of time Ms. Richardson has already served.
Because a one-year term of probation following even a day of jail would exceed the lawful sentence for such a misdemean- or, Ms. Richardson appeals and argues that her written sentence conflicts with her oral sentence. She is correct. We reverse and remand to the trial court for the preparation of a sentence that complies with the rules of procedure adopted by the supreme court.
Reversed.
BLUE and FULMER, JJ., Concur.