DAVIS, Judge.
Christopher Lucas Monroe appeals the order revoking his probation and the sentence subsequently imposed. He argues that the State failed to prove the allegations contained in the affidavit of violation of probation. We agree and reverse.
Monroe pleaded no contest to charges of armed robbery, armed kidnaping, and attempted sexual battery. He was sentenced to five years in prison, followed by ten years of probation. On April 7, 1999, the State filed an affidavit of violation of probation alleging that Monroe violated three conditions of probation, including condition four, which required him to live without committing any further new law violations. The affidavit alleged that Monroe had violated condition four by committing an armed robbery and a home invasion by false representation.
At the revocation hearing, the State called only one witness, a Lake Wales police officer, who testified about Monroe’s involvement in a felony fleeing to elude and driving with a suspended license incident. The State presented no evidence concerning an armed robbery or a home invasion. The court found that Monroe had violated condition four and revoked his probation.
Monroe argues that the evidence presented at the revocation hearing does not support the violation of condition four that was alleged in the affidavit of violation of probation. We agree. The affidavit of violation of probation alleged that Monroe had committed a home invasion and an armed rpbbery, and the evidence at the hearing concerned Monroe’s participation in a fleeing and eluding incident. The State concedes error.
Accordingly, we reverse the order revoking probation without prejudice to the State to refile an appropriate affidavit. Parminter v. State, 762 So.2d 966 (Fla. 2d DCA 2000).
We note parenthetically that this is a belated appeal. Monroe was before the trial court for violation of probation in two separate cases. There was but one affidavit of violation of probation filed for the two cases. Monroe appealed the revocation in the other case, and this court reversed for the same reason we reverse here. Monroe v. State, 760 So.2d 289 (Fla. 2d DCA 2000). We note this companion case only to reiterate the admonition contained in that opinion regarding the use of the “Memo of Sentence” or “snapout” as an order of revocation of probation.
Reversed.and remanded with directions.
FULMER, A.C.J., and WHATLEY, J., concur.