827 So.2d 346 (2002)
Roy Keifer GORDON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-4283.
District Court of Appeal of Florida, Second District.
October 2, 2002.
James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellant.
Roy Keifer Gordon, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert J. Krauss, Senior Assistant Attorney General, Tampa, for Appellee.
BLUE, Chief Judge.
In this appeal, briefed pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Roy Keifer Gordon challenges the revocation of his probation and subsequent sentence. We affirm in part and reverse in part, remanding for the trial court to correct the order revoking probation to conform to its oral pronouncements.
*347 Gordon allegedly violated two probation conditions. In an evidentiary hearing, the trial court found a violation of only one condition and revoked probation on that ground. After an initial review of the case, this court relinquished jurisdiction for the trial court to enter a written order of probation revocation that satisfies Monroe v. State, 760 So.2d 289, 289 (Fla. 2d DCA 2000) (holding that a "Memo of Sentence" or "snapout" did not constitute a sufficient order of probation revocation), and Donley v. State, 557 So.2d 943, 945 (Fla. 2d DCA 1990) ("When a court finds that a probationer has violated his probation, it must enter a formal order setting forth the conditions that it finds were violated."). Although the record clearly reflects that Gordon did not plead guilty to the violations and that Gordon was found to have violated only one condition, the written order stated that Gordon had pleaded guilty to violations of both conditions. These discrepancies highlight the need for a trial court to enter a sufficient order at the time of the hearing. We have received a supplemental brief on Gordon's behalf, again filed under Anders, asserting that the written order should be corrected. Because the record supports the trial court's finding that Gordon violated condition eight, we affirm the revocation of probation and subsequent sentence. We reverse the portion of the revocation order that indicated a guilty plea to the violations, and we reverse the finding that Gordon violated condition five.
Gordon received a previously suspended sentence. Although it had no impact on his sentence, we also note that the scoresheet on resentencing incorrectly scored a primary offense and an additional offense as first-degree felonies when they should have been scored as second-degree felonies. Regardless of the scoresheet errors, the trial court properly imposed the suspended sentence of thirty-seven months.
Affirmed in part; reversed in part; remanded for correction.
STRINGER and DAVIS, JJ., Concur.