840 So.2d 307 (2003)
Joseph HEATH, Petitioner,
v.
STATE of Florida, Respondent.
Jose Balderas, Petitioner,
v.
State of Florida, Respondent.
Chad Reese, Petitioner,
v.
State of Florida, Respondent.
Alonzo Lamar Elliott, Petitioner,
v.
State of Florida, Respondent.
Nos. 2D02-2666, 2D02-2899, 2D02-3121, 2D02-3125.
District Court of Appeal of Florida, Second District.
February 7, 2003.
Rehearing Denied March 20, 2003.
*308 James Marion Moorman, Public Defender, Bartow, and Clark E. Green, Assistant Public Defender, Bartow, for Petitioners.
Charlie Crist, Attorney General, Tallahassee, and Deborah F. Hogge, Assistant Attorney General, Tampa, for Respondent.
DAVIS, Judge.
In these consolidated cases, the four petitioners have asked this court to issue a writ of certiorari which concludes that the circuit court order approving the Tenth Judicial Circuit's use of "snapouts" amounted to a violation of a clearly established principle of law resulting in a miscarriage of justice. We deny the petitions for writ of certiorari.
Each petitioner below had been adjudicated guilty by the county court pursuant to a document called a "memorandum of sentence," or as it is otherwise known, a "snapout." Due to the "mischief" that these snapouts can cause on review, this court has expressed concern over their use. See Richardson v. State, 761 So.2d 1232 (Fla. 2d DCA 2000); Peterson v. State, 730 So.2d 830, 831 (Fla. 2d DCA 1999); Grantham v. State, 735 So.2d 525 (Fla. 2d DCA 1999). Based on this caselaw, the petitioners appealed their adjudications to the circuit court challenging the county court's use of the memoranda of sentence. The circuit court affirmed, stating, "the memorandum of sentence ... is an adequate record of the sentence." Petitioners now ask this court to determine that the circuit court's ruling warrants certiorari review.
This is a "second-tier" certiorari proceeding because the circuit court entered the orders we are now asked to review while acting in its appellate capacity. See Ivey v. Allstate Ins. Co., 774 So.2d 679, 682 (Fla.2000); Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 525 (Fla. 1995). Our inquiry in such cases is limited to whether the circuit court afforded the petitioners procedural due process and whether it applied the correct law. Ivey, 774 So.2d at 682; Haines City, 658 So.2d at 525. Because our concern is with the seriousness of the error, not the mere existence of error, we will grant certiorari only when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice. Ivey, 774 So.2d at 682.
Based on our review of the above cited cases issued by this court on the subject of memoranda of sentence/snapouts, we conclude that the petitioners have failed to demonstrate a violation of law that is of sufficient magnitude as to require the granting of certiorari. The law that is to be applied to the use of memoranda of sentences/snapouts was established in this district by Peterson v. State, 730 So.2d 830, 831 (Fla. 2d DCA 1999), where we expressed our reservations about the use of snapouts, but stopped short of prohibiting their use:
Our record contains no sentence on a form comparable to any form in Florida Rule of Criminal Procedure 3.986. When this court ordered that the record be supplemented with the sentence so we could determine whether probation was imposed, we were informed by the Clerk of the Tenth Judicial Circuit that written sentences are only prepared in that circuit for sentences of state imprisonment. When a sentence imposes only probation or a term in the county jail, apparently this circuit is relying exclusively upon the `Memo of Sentence,' also called a `snapout.' This procedure makes it difficult for the appellate court to determine the sentence and to review the conditions of probation.
We concluded Peterson by noting that "the procedure they apparently are utilizing *309 on a regular basis may not always create an adequate record for review." Id. While we clearly expressed our concerns over the use of snapouts in Peterson, we did not expressly prohibit their use. See also Richardson, 761 So.2d at 1233. Given Peterson's language, we cannot say that the circuit court's order, finding that a snapout was an adequate record of the sentence, applied the incorrect law. The court applied the law that this district has established. Neither can we say, in view of Peterson, that the circuit court's order violated an established principle of law resulting in a miscarriage of justice. Since there is no dispute here as to whether the petitioners were afforded procedural due process of law, we need not address that prong of the test. We accordingly deny the petitions for writ of certiorari in all cases.
FULMER and COVINGTON, JJ., Concur.