838 So.2d 616 (2003)
Phillip Earl SUTTON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-4233.
District Court of Appeal of Florida, Second District.
February 21, 2003.
*617 SILBERMAN, Judge.
Phillip Sutton challenges the order of the trial court granting his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a).
In his motion, Sutton alleged that he was not awarded credit in three trial court cases for the time he previously spent in prison in each case prior to his being resentenced to prison upon violation of the probationary portions of his probationary split sentences. In its order, the trial court awarded Sutton credit for time spent in jail prior to sentencing.
Regarding Sutton's prison credit claim, the trial court acknowledged that Sutton is "entitled to the time actually served on the prison sentence first imposed to be credited against those sentences he is currently serving [upon] violating probation." However, the trial court found that "the Department of Corrections, not the trial court, has the responsibility of granting postsentencing jail time credit (actual time spent in prison)." The trial court is incorrect. Although the trial court may delegate to the Department of Corrections the task of determining the correct amount of prison credit when a defendant is resentenced after violating the probationary portion of a probationary split sentence, it is the responsibility of the trial court to order that defendants receive the prison credit to which they are entitled. See Downing v. State, 779 So.2d 562 (Fla. 2d DCA 2001).[1]
We therefore reverse the order of the trial court in regard to Sutton's prison credit claim and remand to the trial court for further consideration. If Sutton has not been previously awarded credit in each case for the time he spent in prison prior to his being resentenced to prison, the trial court shall award him such credit.
Affirmed in part, reversed in part, and remanded.
WHATLEY and NORTHCUTT, JJ., concur.
NOTES
[1] In Downing, the award of prison credit could have been accomplished by placing a check in the appropriate box on the written sentence. However, in the present case, there were no judgments and sentences filed with the clerk of the circuit court. Instead, the trial court utilized snap-outs or memoranda of sentences which do not have a separate box for an award of prison credit. This court has repeatedly criticized the use of these memoranda because of the "mischief" that they can cause on appellate review. See Health v. State, 840 So.2d 307 (Fla. 2d DCA 2003). Furthermore, as we have also frequently mentioned, a memorandum of sentence cannot serve as a formal order of revocation of probation. See Braswell v. State, 804 So.2d 523. (Fla. 2d DCA 2001).