845 So.2d 250 (2003)
Ponce CATO, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-3487.
District Court of Appeal of Florida, Second District.
May 2, 2003.
*251 Steven Herman of Steven Herman, P.A., Zephyrhills, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Robert J. Krauss, Senior Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Ponce Cato seeks review of two judgments and sentences for possession of cocaine rendered after he entered a guilty plea to one charge and admitted to a resulting violation of probation. Counsel filed briefs asserting no meritorious argument pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We agree with counsel that no meritorious issues exist and affirm the convictions. However, we remand for entry of a proper order of revocation of probation.
We previously relinquished jurisdiction for the entry of a proper order of revocation of probation pursuant to Monroe v. State, 760 So.2d 289 (Fla. 2d DCA 2000), and Donley v. State, 557 So.2d 943 (Fla. 2d DCA 1990), because the record did not contain a written order of revocation of probation that specified the conditions of supervision that the trial court determined Cato violated. The trial court declined to enter such an order, apparently under the erroneous belief that the court complied with Monroe and Donley by including the following provision in the final judgment: "The Court found the Defendant in violation of specific conditions of probation/community control, see attached affidavit." As we stated in Monroe and Donley, the trial court is required to enter a formal order of violation of probation that lists the specific conditions the court determined Cato violated. Merely attaching an affidavit of violation of probation alleging violations of various conditions of probation to the final judgment is insufficient to apprise this court of the basis for the revocation of probation. Accordingly, we remand for entry of a proper order of violation of probation.
Affirmed and remanded with directions.
ALTENBERND, C.J., and NORTHCUTT and STRINGER, JJ., Concur.