997 So.2d 1221 (2008)
Patrick COCHRANE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-4665.
District Court of Appeal of Florida, Second District.
December 31, 2008.
Christopher E. Cosden of The Wilbur Smith Law Firm, Fort Myers, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Katherine Coombs Cline, Assistant Attorney General, Tampa, for Appellee.
*1222 PER CURIAM.
Patrick Cochrane appeals an order denying his very unusual postconviction motion, which essentially asked the trial court to clarify whether he is or is not a convicted felon. We conclude that we have no jurisdiction and dismiss this appeal.
In 1992, Mr. Cochrane was charged with a third-degree felony. In August 1992, he entered a written plea of nolo contendere in exchange for a withhold of adjudication and one year's probation. In July 1993, an affidavit of violation of probation was apparently filed against Mr. Cochrane, although our record does not contain that affidavit. The record contains an order of probation revocation entered on August 16, 1993, after a hearing before Judge William J. Nelson. This form order found the "Probationer has not properly conducted self, but has violated the conditions of Probation in a material respect," and "Ordered and Adjudged that the Probation of aforesaid Probationer is hereby revoked." Just below this appears the caption, "SENTENCE:" after which the court typed in "$175.00 Probation Fees to be subtracted from Cash Bond; balance of Bond to be refunded to the Defendant." At that same time, the court clerk prepared a "memorandum of sentence" and placed a check in a box labeled "adjudicated." Apparently, the clerk has relied on the memorandum of sentence to report Mr. Cochrane to be a convicted felon to the relevant authorities.
In 2007, Mr. Cochrane filed a "motion to direct clerk of this court to correct records" in his closed criminal case. This motion asked the trial court to instruct the clerk to report to the local sheriff and to the Florida Department of Law Enforcement that Mr. Cochrane had not been adjudicated guilty of an offense. The trial court denied the motion on July 16, 2007. Mr. Cochrane moved for rehearing. The trial court denied rehearing on August 31, 2007, and Mr. Cochrane thereafter appealed to this court.
Assuming only for the sake of argument that this postconviction motion filed in 2007 in the closed criminal case was a proper motion, it was filed on the premise that it was a motion filed after entry of final judgment. The motion was not filed pursuant to Florida Rule of Criminal Procedure 3.800 or 3.850 or any other specific rule of criminal procedure. Assuming the order entered to dispose of this motion was an appealable order, the time for filing the appeal extended only thirty days after the order was rendered. See Fla. R.App. P. 9.140(b)(1)(D).[1] Under Florida Rule of Appellate Procedure 9.020(h), the rendition of an order may be stayed if an "authorized" and timely motion for rehearing has been filed. Here, however, a motion for rehearing was not authorized for an order entered on this type of motion. See, e.g., Griffis v. State, 593 So.2d 308, 308-09 (Fla. 1st DCA 1992) (concluding that a motion for rehearing was not authorized for an order entered on a motion filed pursuant to rule 3.800 under a prior version of the rule that did not specifically permit a rehearing of such orders). Accordingly, this appeal is untimely and must be dismissed.
Appeal dismissed.
WHATLEY and WALLACE, JJ., Concur.
ALTENBERND, J., Concurs with opinion.
ALTENBERND, Judge, Concurring.
I agree that we have no jurisdiction to consider this unusual appeal. I write to *1223 explain my belief that Mr. Cochrane's remedy may lie elsewhere.
In 1992, Mr. Cochrane was charged as a principal for a single count of grand theft. This charge apparently involved some jewelry that his girlfriend stole from her place of employment and stored in their joint residence. He entered a written plea of nolo contendere in exchange for a withhold of adjudication and one year's probation.
After an affidavit of violation of probation apparently was filed, he was arrested and released on a $425 cash bond. No transcript currently exists of any hearing relating to this alleged violation. As described by the majority, the record contains an order of probation revocation entered on August 16, 1993, that appears to be a form order. It does not recite any condition of probation that was violated. It appears someone typed on the form the following additional language: "Sentence: $175.00 Probation Fees to be subtracted from Cash Bond; balance of Bond to be refunded to the Defendant." The case summary prepared by the clerk and included in our record reports that sentencing guidelines were filed on that same date along with a document described as "judgement form recorded or bk and filed (fingerprints)." The record, however, contains no guidelines scoresheet or judgment or any other document upon which Mr. Cochrane's fingerprints might appear. Although the case summary shows book and page numbers for some documents that were filed in public records from this case, there does not appear to be a book and page number for a judgment.
It is undisputed that Judge Nelson conducted this hearing and that Mr. Cochrane was not placed on a new term of probation or given any other sentence in August 1993 at the hearing. He was found to be in violation of probation, he was given a refund of the balance of his bond, and his case was closed.
Seven years later, Mr. Cochrane attempted to buy a firearm and was informed that he could not purchase the weapon because he was a convicted felon. Mr. Cochrane believed there must be some mistake because he knew he had received a withhold of adjudication in 1992. When he investigated the matter, he discovered that his file contained the memorandum of sentence or "snapout"[2] prepared by the court clerk at the hearing on his revocation of probation. That document has a mark in a box labeled "adjudicated." This document has a line for the signature of the trial court judge, but that line contains a mark that cannot readily be identified as Judge Nelson's signature.[3] Apparently, as a result of this document, the clerk of the court reported Mr. Cochrane to be a felon to the Division of Criminal Justice Information Systems[4] pursuant to section 943.052(2), Florida Statutes (1993).
Mr. Cochrane was represented by a public defender in the original criminal proceedings. In 2001, he retained a lawyer who filed in his criminal case a "motion to amend adjudication." The record contains *1224 a transcript of the hearing on this motion, although it does not contain the motion itself. The hearing was conducted by Judge Nelson and also revolved around whether Mr. Cochrane was adjudicated guilty for this crime. It appears that everyone at that hearing had a copy of a transcript of the earlier revocation hearinga transcript that unfortunately now seems to have been lost. Judge Nelson stated: "But how can I do that when I read on page 4 here that it says, and with an adjudication on the offense, I revoke and terminate. I want them adjudicated when I say revoke. Obviously, I was." At that point, Judge Nelson was interrupted and never finished his explanation.
I am candidly uncertain whether Judge Nelson was quoting from the earlier transcript when he stated "and with an adjudication on the offense." I am inclined to believe that he was not reading an earlier oral pronouncement but commenting on what he may have intended when he revoked and terminated probation. At the end of the hearing, Judge Nelson appeared willing to help Mr. Cochrane if someone could show him how he had legal authority to enter an appropriate order. He reserved ruling and thereafter never ruled. Unfortunately, he has since died.
In 2007, Mr. Cochrane retained new attorneys who filed the "motion to direct clerk of this court to correct records." This motion once again explains Mr. Cochrane's situation and asked that the clerk be required to report to the local sheriff and to the Florida Department of Law Enforcement that Mr. Cochrane had not been adjudicated guilty of this offense. The trial court, with the case now assigned to Judge Volz, conducted a hearing. The trial court, relying upon the above-quoted language in the transcript of the hearing conducted in 2001, concluded that Mr. Cochrane had been orally adjudicated guilty in 1993 and thus denied Mr. Cochrane's motion on July 16, 2007. As explained in the majority opinion, Mr. Cochrane did not file a timely appeal from this order.
Like Judge Nelson, I am not unsympathetic to Mr. Cochrane's situation. When Mr. Cochrane's hearing on revocation of probation was held in 1993, Florida Rule of Criminal Procedure 3.670 required, as it continues to require today, that a "judgment of guilty" in a criminal case be "rendered in open court and in writing, signed by the judge, filed, and recorded." At this point the State cannot prove what happened in open court on that date, and it does not appear to me that the clerk's snapout with a mark instead of a signature is adequate to serve as a recorded judgment of adjudication. The State has not produced an actual judgment that was signed, filed, and recorded. Ironically, if Mr. Cochrane were to simply give up this fight and agree that he was a convicted felon, he could never apply for executive clemency because he could never obtain a certified copy of his judgment of conviction. See Rules of Executive Clemency, https://fpc.state.fl.us/Policies/Exec Clemency/ROEC04052007.pdf (last visited Nov. 20, 2008).
Despite the efforts of Mr. Cochrane's attorneys in this closed criminal case, I doubt that Mr. Cochrane's remedy requires any alteration of the documents in the closed case. It is more likely that the matter may be resolved by determining whether those documents were ever sufficient for the clerk of court or some other reporting agency to place his name in the state system as a felon. Section 943.056, Florida Statutes (2007), and Florida Administrative Code Rule 11C-8.001 appear to give Mr. Cochrane an administrative remedy for this problem. If that is not an adequate solution, he has legitimate and *1225 genuine reasons to be in doubt about his rights and thus might seek a declaratory judgment pursuant to section 86.021, Florida Statutes (2007), against the clerk of court or other appropriate agency.
NOTES
[1] See also Fla. R.App. P. 9.100(c)(1) (requiring petitions for certiorari be filed within thirty days of rendition of the order to be reviewed).
[2] Such documents have been a source of considerable difficulty for, and criticism by, this court. See, e.g., Braswell v. State, 804 So.2d 523 (Fla. 2d DCA 2001) (holding that memorandum-of-sentence form or snapout was insufficient to serve as a revocation of probation order); Monroe v. State, 760 So.2d 289 (Fla. 2d DCA 2000) (explaining that record contained no revocation order where trial court used a memo of sentence).
[3] Another sentencing document has a similar mark, and I cannot conclude that the mark was made or not made by Judge Nelson.
[4] See § 943.05(1) (creating Division of Criminal Justice Information Systems within the Department of Law Enforcement).