DAVIS, Chief Judge.
On the court’s own motion, the opinion dated June 19, 2013, is withdrawn and the attached opinion is substituted therefor. The motion for rehearing en banc is denied. No further postopinion motions will be entertained.
Michael Zaborowski challenges the revocation of his probation and his subsequent twenty-eight-month prison sentence. Because his original probationary period expired prior to the filing of the violation of probation allegations that were the basis for the instant revocation and sentence, we reverse. We additionally certify two questions to the Florida Supreme Court to be of great public importance. See Fla. R. App. P. 9.030(a)(2)(A)(v).
Zaborowski’s original plea to one count of grand theft took place in 1992. He was placed on five years’ probation — a term set to expire in 1997. But on January 31, 1994, he was alleged to have violated two conditions of his probation. Both an affidavit of violation and an arrest warrant were filed, but Zaborowski was not taken into custody because he was living outside the jurisdiction of the State.[1] The pending violation of probation (VOP) allegations remained unresolved until 2011, when Zabo-rowski admitted to two of the originally alleged violations and was ordered to complete the “remaining” forty-six months of *407 his original probationary term. This was done through the use of a “snap-out” sentencing memorandum; no formally rendered sentence or order of probation was entered.[2] Zaborowski did not appeal the 2011 probationary sentence,[3] and in 2012 it again was alleged that he violated the terms of this probation.
At the VOP hearing, Zaborowski argued that his original probationary period was not tolled by the filing of the 1994 affidavit of violation because the version of section 948.06 in effect at that time did not include language tolling the term of probation during the pendency of a VOP proceeding. See § 948.06(1), Fla. Stat. (1993). He maintained that the original probation therefore expired prior to the 2011 “snap-out” memorandum ordering him to complete the “remaining” forty-six months of probation. Zaborowski asserted that because the 2012 VOP allegations were based on a probationary term that ended in 1997, the trial court had no jurisdiction to entertain the instant VOP allegations. The trial court, however, rejected this argument, and Zaborowski subsequently entered an admission to the alleged VOP. The trial court sentenced him to twenty-eight months in prison. On appeal, Zaborowski argues that his probationary period expired in 1997 and that therefore the trial court lacked jurisdiction to find him in violation in 2012.[4]
The State, however, contends that in addressing any subsequent VOP proceedings the trial court is not bound by the lack of tolling language in the version of the probationary statutes, specifically section 948.06(1), in effect in 1992 when Za-borowski was originally sentenced to probation and that section 948.06(1) was modified to include a tolling provision after he was sentenced. This is a true statement, but it does not address the argument raised by Zaborowski, and the State does not otherwise deal with the applicability of the 1993 version of the statute that was in effect when the first affidavit of violation was filed in 1994.
The State also relies on Shenfeld v. State, 44 So.3d 96 (Fla.2010), to assert that amendments to section 948.06(1) are procedural in nature and can be applied retroactively. In that case, Shenfeld’s original probation began under a version of section 948.06(1) that contained the tolling language added in 2001. Id. at 98. Before his probation expired, Shenfeld was alleged to have violated his probation. This alleged violation occurred after the June 2007 effective date of a procedural amend *408 ment to the tolling portion of the statute which dealt with whether a warrant was required at the time of the filing of the affidavit of violation in order to toll probation. Id. Under the 2007 version of section 948.06(1), the affidavit of violation and Shenfeld’s arrest were sufficient to toll his probation, but Shenfeld argued that it would be an ex post facto violation to apply anything but the 2001 version of the statute in effect at the time his probation commenced. Because the 2001 version of the statute also required the filing of an arrest warrant, Shenfeld’s probation would not have been tolled and would have expired prior to the finding that he violated his probation. Id. at 99. The Florida Supreme Court concluded that applying the 2007 version of the statute — the version in effect when the affidavit of violation of probation was filed — was not an ex post facto violation. Id. at 102.
Here, the 1993 version of section 948.06, which was in effect at the time Zaborowski was alleged to have violated his probation, contained no tolling language. Absent any tolling, his probation expired before the 2001 tolling amendment took effect. There is nothing in the holding of Shenfeld to indicate whether an amendment to the statute that occurred both after the affidavit of violation and after the untolled expiration of the probationary period could be applied retroactively simply because the original VOP proceeding was unresolved prior to the amendment.
Shenfeld does discuss four categories of ex post facto laws, the third of which is “[e]very law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed.” Id. at 100 (quoting Stogner v. California, 539 U.S. 607, 612, 123 S.Ct. 2446, 156 L.Ed.2d 544 (2003)). This category appears to support Zaborowski’s ex post facto claim if the term “the crime” is considered to be the violation of the conditions of his probation. Because no tolling language existed in the statute at the time of Zaborowski’s probation violations in 1994, the trial court could not apply any version of section 948.06 that contained tolling language to his VOP proceedings because no such version existed until after the 1997 expiration of his untolled probation. As such the trial court lacked jurisdiction in 2012 to violate the previously expired probationary term. We therefore must reverse the order of violation and remand for the trial court to vacate Zaborowski’s resulting sentence.
We acknowledge that such a holding provides a windfall to a small number of probationers who violated their probationary conditions prior to the enactment of the tolling language but left the jurisdiction without providing proper notice to the probationary authorities and then lived freely and without repercussion until such time as their probations expired. But we have found no cases to suggest that we can read the earlier version of the statute to contain an implicit tolling of probation upon the filing of an affidavit of violation where the probationer may have absconded from the jurisdiction but is not formally alleged to have absconded on any date or period of time that began within the duration of the untolled probationary period. However, pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v), we certify the following questions of great public importance:
DO AMENDMENTS TO SECTION 948.06(1), FLORIDA STATUTES, REGARDING TOLLING RETROACTIVELY APPLY TO A PROBATIONER WHERE THE STATUTORY TOLLING LANGUAGE DID NOT EXIST AT THE TIME OF THE FILING OF THE INITIAL AFFIDAVIT OF VIOLATION OF PROBATION AND *409 WHERE THE UNTOLLED PROBATIONARY PERIOD ENDED PRIOR TO THE ENACTMENT OF THE SUBSEQUENT TOLLING AMENDMENTS?
PRIOR TO THE ENACTMENT OF THE EXPRESS TOLLING LANGUAGE OF SECTION 948.06(1), FLORIDA STATUTES, IN 2001, COULD THE FILING OF AN AFFIDAVIT OF VIOLATION COUPLED WITH THE FILING OF AN ARREST WARRANT IMPLICITLY ACT TO TOLL THE EXPIRATION OF THE PROBATIONARY PERIOD WHERE THE PROBATIONER MAY HAVE ABSCONDED FROM THE JURISDICTION OF HIS PROBATION BUT NO AFFIDAVIT OF VIOLATION WAS FILED ALLEGING THE PROBATIONER’S ABSCONDING OCCURRED WITHIN THE PERIOD OF THE ORIGINAL UNTOLLED PROBATION?
Reversed and remanded; questions certified.
NORTHCUTT and MORRIS, JJ., Concur.

. There is no indication that Zaborowski was considered to be an absconder at the time of the alleged violations in 1994 or during any period during his untolled probationary term. He appears to have transferred his probation to Virginia and none of the allegations set forth in the original affidavit of violation are for absconding from the Florida jurisdiction or for changing his residence without approval. Furthermore, no amended affidavits of violation of probation that might relate back to the original affidavit allege that he absconded or changed his residence without approval during any period before his original probation expired. The only allegation of absconding is not alleged to have occurred until February 10, 2009, long after his untolled probationary period would have expired.

. This court repeatedly has expressed concern over the use of snap-out sentencing memoran-da based on the mischief that they can cause. See Sutton v. State, 838 So.2d 616, 617 n. 1 (Fla. 2d DCA 2003); Heath v. State, 840 So.2d 307, 308 (Fla. 2d DCA 2003); Richardson v. State, 761 So.2d 1232, 1233 (Fla. 2d DCA 2000); Peterson v. State, 730 So.2d 830, 831 (Fla. 2d DCA 1999); Grantham v. State, 735 So.2d 525, 526 (Fla. 2d DCA 1999).

. It does appear that Zaborowski attempted to obtain reconsideration of the matter through the trial court. Whether such reconsideration would have tolled his time for filing an appeal from the 2011 snap-out memo is not clear from the record and is not an issue before this court.

.A court’s lack of jurisdiction due to the expiration of probation is a fundamental error that can be raised at any time. Cf. Solomon v. State, 341 So.2d 537, 538 (Fla. 2d DCA 1977) (”[T]he order which placed appellant on probation was void for lack of jurisdiction, and this is fundamental error even if not raised at the trial court.... Since the change in the sentence which placed appellant on probation was void, it follows that the probation revocation and its corresponding sentence of five years imprisonment was also void. In turn, this makes the plea bargain entered at the probation revocation hearing a nullity.” (footnotes omitted)).