NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| JAMES DAVID PHILLIPS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2D15-1698 |
| | ) | |
| STATE OF FLORIDA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Opinion filed March 4, 2016.

Petition for Writ of Certiorari to the Circuit
Court for Polk County; John K. Stargel,
Judge.

James David Phillips, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Cornelius C. Demps,
Assistant Attorney General, Tampa, for
Respondent.


ALTENBERND, Judge.

James David Phillips filed a petition seeking certiorari review of what he thought was a judicial order entered on March 13, 2015. Although his confusion is understandable, we conclude that the postconviction court has taken no action from which Mr. Phillips is currently entitled to certiorari relief. Accordingly, we deny the petition.

Mr. Phillips was convicted by a jury and sentenced to life imprisonment for capital sexual battery in 2008. In August 2014, without prior court approval, Mr. Phillips sent a letter to one of the jurors in his case. The letter generally discussed the case and sought information from the juror about possible improper information received by the jury during a lunchtime break. When the juror received the letter, the juror contacted the state attorney. The State then filed a motion for rule to show cause why Mr. Phillips should not be held in indirect criminal contempt for failure to abide by the procedures in Florida Rule of Criminal Procedure 3.575.[1]

Our record does not contain a transcript of the hearing, but it is undisputed that the trial court provided Mr. Phillips with counsel for a contempt hearing. A document was created as a result of that hearing on a "memo of sentence/order of the court" or "snapout," the use of which this court has discouraged for more than twenty

---

[1]Rule 3.575 provides:

A party who has reason to believe that the verdict may be subject to legal challenge may move the court for an order permitting an interview of a juror or jurors to so determine. The motion shall be filed within 10 days after the rendition of the verdict, unless good cause is shown for the failure to make the motion within that time. The motion shall state the name of any juror to be interviewed and the reasons that the party has to believe that the verdict may be subject to challenge. After notice and hearing, the trial judge, upon a finding that the verdict may be subject to challenge, shall enter an order permitting the interview, and setting therein a time and a place for the interview of the juror or jurors, which shall be conducted in the presence of the court and the parties. If no reason is found to believe that the verdict may be subject to challenge, the court shall enter its order denying permission to interview.

years.[2] Handwritten notations indicate that a status hearing was held, that the State moved to withdraw its motion for rule to show cause, and that the postconviction court granted that motion. At that point, despite the absence of a pending motion, the snapout reflects that "RC is discharged at this time." Language above this "discharge," starting with an asterisk and ending with an arrow to place the language below the discharge, states: " *court orders deft (not) to have any contact w/ Jurors or Alt. Juror* ⟶." Below the arrow, this "order" continues with the language "except by motn and order of the court according to the rules and law." This snapout is dated March 13, 2015, and is signed by a deputy clerk. The signature line for a circuit judge is blank.

Mr. Phillips interprets this document to be a circuit court order barring him from contacting jurors. He believes the order is a violation of his First Amendment rights. He timely filed a petition for writ of certiorari challenging the order.

Because the document was not a signed and rendered order, this court relinquished jurisdiction to the extent necessary for the circuit court to file a signed, written order. The circuit court entered a signed, written order in October 2015.

The order confirms that the State withdrew its motion because it could not prove that the defendant knew he had an obligation to obtain prior approval for such

---

[2]See Zaborowski v. State, 126 So. 3d 405, 407 n.2 (Fla. 2d DCA 2013); Thar v. State, 8 So. 3d 1204, 1205 n.1 (Fla. 2d DCA 2009); Cochrane v. State, 997 So. 2d 1221, 1223-24 (Fla. 2d DCA 2008) (Altenbernd, J., concurring); Woods v. State, 987 So. 2d 669, 672 (Fla. 2d DCA 2007); Akridge v. Crow, 903 So. 2d 346, 350-51 (Fla. 2d DCA 2005); Sutton v. State, 838 So. 2d 616, 617 n.1 (Fla. 2d DCA 2003); Heath v. State, 840 So. 2d 307, 308-09 (Fla. 2d DCA 2003); Monroe v. State, 784 So. 2d 1163, 1164 (Fla. 2d DCA 2001); Richardson v. State, 761 So. 2d 1232, 1233 (Fla. 2d DCA 2000); Monroe v. State, 760 So. 2d 289, 289-90 (Fla. 2d DCA 2000); Peterson v. State, 730 So. 2d 830, 831 (Fla. 2d DCA 1999).

contact with a juror when he sent his letter. The order explains that despite the fact that the motion had been withdrawn, Mr. Phillips pressed the court for a ruling on whether he was being ordered not to contact jurors. The court then orally instructed Mr. Phillips to follow the law if he wanted to contact jurors. The court concluded at the time of the hearing that it should not enter a written order given the fact that the State had withdrawn its motion. The order further explains: "Unbeknownst to the Court, the clerk inserted the statement 'Court orders defendant not to have any contact w/jurors except by motn (sic) and order of the court according to the rules and law.' " The written order then concludes:

> Accordingly, it is ORDERED AND ADJUDGED that the Law and Rules of Court apply to this Defendant and must be followed. The Defendant was specifically made aware of the existence of Rule 3.575 regarding juror interviews. The Court is of the opinion that an interrogatory interview in the form of a letter is subject to the rule, and that the word "may" in the first sentence of the rule is not intended to be permissive, rather is intended to be restrictive and provide an avenue under which parties shall proceed if they wish to interview jurors. The purpose for the rule is well founded and deeply-rooted in the long-standing need to protect jurors privacy and safety. The minimal restrictions on a defendant's First Amendment rights are far outweighed by the need for jurors to remain involved in the process. Repeated contact by the very defendants who are incarcerated or on probation for the cases in which the juror fulfilled their civic duties could place jurors in fear to even appear for jury duty and undermine the system that the Constitution promises.

We are thus at the odd procedural posture of reviewing an initial "order" that was not actually an order, followed by an actual order that the postconviction court created only to comply with this court's order and in which the postconviction court explains that its true intent was not to enter any rendered order whatsoever. We are

- 4 -

inclined to agree with the postconviction court that rule 3.575 was written to regulate the conduct of both attorneys and parties when they wish to contact jurors for a "challenge" to a verdict even at the postconviction stage or for a petition for writ of habeas corpus.[3] There does not, however, appear to be any well-considered decision on the First Amendment issue that Mr. Phillips raised.

Accordingly, we decline to treat the postconviction order coerced by this court as a binding ruling from that court.  As a practical matter, it does little more than tell Mr. Phillips to obey the law.  The actual document challenged by the petition was not an order of a court that this court can review.

There may be more than one procedure that Mr. Phillips could elect to use at this point.  If he wishes to pursue this matter, it may be prudent for him to file a motion to interview jurors under rule 3.575 claiming a First Amendment right to contact jurors at this time without regulation by the court or without establishing the grounds necessary in the days following a verdict and before a direct appeal.  He can then obtain a ruling that, if adverse to him, he can seek to review in this court by petition for writ of certiorari.

---

[3]The supreme court has recognized the use of rule 3.575 as an appropriate vehicle for interviewing jurors in postconviction proceedings.  See Foster v. State, 132 So. 3d 40, 65 (Fla. 2013) (holding the postconviction court did not abuse its discretion in denying the defendant's motion to interview a juror, which the defendant filed more than ten years after his judgment and sentence became final, because the defendant merely raised speculative and conclusory allegations of juror misconduct); cf. Van Poyck v. State, 91 So. 3d 125, 128-30 (Fla. 2012) (affirming the denial of a claim of newly discovered evidence of juror misconduct because the evidence, which was premised on juror affidavits obtained by the defendant through a private investigator, could "be likened to instances where a juror renounces his or her decision after a verdict has been entered," and approving the postconviction court's admonishment of counsel for the defendant circumventing rule 3.575 by hiring a private investigator to obtain those affidavits).

Petition for writ of certiorari denied.

KELLY and BLACK, JJ., Concur.