NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

WESTON GRAY,⁣⁣⁣⁣⁣⁣⁣⁣⁣ )
)
       Appellant, )
)
v.⁣⁣⁣⁣⁣⁣⁣⁣⁣ )⁣⁣⁣ Case No. 2D13-1179
)
STATE OF FLORIDA, )
)
       Appellee. )
_____ )

Opinion filed March 4, 2016.

Appeal from the Circuit Court for Polk
County; John Radabaugh, Judge.

Howard L. Dimmig, II, Public Defender,
and William L. Sharwell, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Gillian N. Leytham,
Assistant Attorney General, Tampa, for
Appellee.

ORDER RELINQUISHING JURISDICTION TO THE TRIAL COURT
TO RESOLVE MOTIONS UNDER FLA. R. CRIM. P. 3.170(*l*)

ALTENBERND, Judge.

       Weston Gray appeals his judgments and sentences for attempted

aggravated assault and battery. Unfortunately, we conclude that his judgments and

sentences have yet to be rendered. Accordingly, we relinquish jurisdiction to permit the

trial court to take the steps necessary to render these orders. The State argues that this

appeal is untimely. We write to reject this argument because we conclude that a "memo of sentence" in the Tenth Judicial Circuit does not qualify as a rendered sentence that can be attached to a commitment or appealed to this court.

Mr. Gray was arrested in November 2011 for offenses including aggravated assault with a deadly weapon and battery. The State filed an information against Mr. Gray for these charges. In April 2012, Mr. Gray negotiated a plea on the day his case was set for trial. He agreed to be sentenced as a habitual offender to the lesser-included offense of attempted aggravated assault and to misdemeanor battery in exchange for a sentence of eighteen months' imprisonment.[1] The trial court accepted the plea and agreed to delay sentencing until mid-May under a proper Quarterman[2] agreement.

Mr. Gray failed to appear for sentencing in May and on two occasions thereafter. Apparently, he was arrested on new charges and then brought to court for sentencing in this case in March 2013. At the sentencing hearing, he did not provide an adequate explanation for his failure to appear. The trial court sentenced him to five years in prison for the attempted aggravated battery and to one year in prison for the misdemeanor.

On March 5, 2013, a "memo of sentence" or "snapout" was filed that describes this sentence. See Phillips v. State, case number 2D15-1698, 2-3 & n.2 (Fla. 2d DCA Mar. 4, 2016). This document contains no fingerprints and does not appear to

---

[1]The eighteen-month term as a habitual offender obviously could not have properly applied to the misdemeanor battery.

[2]Quarterman v. State, 527 So. 2d 1380 (Fla. 1988).

- 2 -

have been signed by the trial judge. A "Monetary Obligation Order" or cost judgment was also filed. It was not signed by the trial judge, but it did contain a rubber-stamped facsimile signature with a representation that it was authorized by section 116.34, Florida Statutes.[3]

On March 13, 2013, Mr. Gray filed a very short motion to withdraw his plea agreement. On April 15, he filed a motion to mitigate and reduce his sentence; he also filed a second, more detailed motion to withdraw his plea. On April 16, he filed a third motion to withdraw his plea with similar allegations as those in the second motion to withdraw. Finally, on April 23, he filed a motion for a court-appointed attorney, claiming that his earlier attorney had withdrawn from the case.

In the midst of these filings, the trial court filed proper judgments and sentences on April 18. The judgments and sentences had been signed by the trial judge on March 4, but they were not served or recorded until April 18.

On April 29, the trial court filed photocopies of each of these motions with the exception of the second and third motions to withdraw plea. On each of these copies, the judge rubber stamped the phrase "motion considered and _____." The judge then hand wrote the word "denied" on the blank line along with the date, April 26, 2013, and his signature.[4]

---

[3]Section 116.34 allows "public officials" or "authorized officer[s]" to use facsimile signatures after filing certain documents with the Department of State. We have considerable doubt that this statute applies to signatures on orders entered by Article V judicial officers, but that is an issue for another day.

[4]From this record, we are uncertain whether Mr. Gray was correct that his attorney had withdrawn. The rubber-stamped order denying his motion for appointment of an attorney does not indicate that this ruling was served on anyone.

Mr. Gray had filed a pro se notice of appeal to this court on March 14. He did not pay the filing fee or file an order of indigency, and this appeal was initially dismissed. After we received an order of indigency, this court reinstated the appeal, and ultimately Mr. Gray's attorney and the State filed their respective briefs.

Mr. Gray's attorney filed a brief arguing that the trial court should not have denied Mr. Gray's motions to withdraw plea. The State responded with a brief making several arguments. We focus on one of its arguments: that Mr. Gray's second and third motions to withdraw plea were untimely because Mr. Gray's sentences "were 'rendered' when the trial court filed its written and signed 'Memo of Sentence/Order of the Court' memorializing those sentences." As we explain, this argument is incorrect. Because the actual written sentences were rendered on April 18, when they were filed with the clerk of court, the second and third motions to withdraw plea, filed on April 15 and 16, were timely and have never been ruled upon. Pursuant to Florida Rule of Appellate Procedure 9.020(i), the judgments and sentences are not "deemed rendered" because the motions to withdraw plea have not been disposed of by a signed, written order. Although we could dismiss this appeal, we elect to relinquish jurisdiction to the trial court to give "the parties additional time to obtain a final order from the lower tribunal." See Fla. R. App. P. 9.110(*l*).

We reject the State's argument that the "memo of sentence" serves as a judgment and sentence in this case. Florida Rule of Criminal Procedure 3.986(a) states that a circuit court "shall" use a judgment and sentence in conformity with the form provided in that rule. The "memo of sentence" is not in conformity with this rule in numerous respects. Perhaps the most important omission is the absence of any place

on the form to attach the defendant's fingerprints and to certify that the fingerprints are those of the defendant. In the case of a felony conviction, the fingerprints are required not only by the form but also by statute. See § 921.241, Fla. Stat. (2011). These omissions on the "memo of sentence" are not mere "variations from these forms" that "do not void" a judgment under rule 3.986. This form simply does not constitute a judgment or a sentence even if the form is signed by a judge, which this one apparently was not. This form not only fails to serve as a rendered judgment and sentence for purposes of appeal, but it lacks the information sufficient to authorize the Department of Corrections or a sheriff to detain a person as a convicted defendant because it lacks any evidence of the identity of the defendant named in the document.

Accordingly, we are without authority to proceed with this appeal. This case is relinquished to the trial court, for a period of thirty days from the date of this opinion, to enter an order disposing of the pending motions to withdraw plea. We note that the motions are regarded as a critical stage of the proceeding and that Mr. Gray is thus entitled to conflict-free counsel. See Krautheim v. State, 38 So. 3d 802, 804-05 (Fla. 2d DCA 2010); see also Padgett v. State, 743 So. 2d 70, 73 (Fla. 4th DCA 1999).

Jurisdiction relinquished for thirty days.


KELLY and SALARIO, JJ., Concur.