NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


JAMES M. HENDRIX, DOC #T17743,　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Appellant,　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　)　　　Case No. 2D16-1266
　　　　　　　　　　　　　　　　　　　　)
STATE OF FLORIDA,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Appellee.　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)

Opinion filed August 9, 2017.

Appeal from the Circuit Court for Polk
County; Glenn T. Shelby and James A.
Yancey, Judges.

Howard L. Dimmig, II, Public Defender,
and Cynthia J. Dodge, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Brandon R. Christian,
Assistant Attorney General, Tampa, for
Appellee.


ROTHSTEIN-YOUAKIM, Judge.

　　　　　　James M. Hendrix appeals the judgment and sentence entered after a jury

found him guilty of two counts of burglary of a dwelling and two counts of grand theft.

We reject Hendrix's argument that the trial court, after appointing an expert to evaluate

his competency to proceed to trial, failed to hold an adequate competency hearing and failed to sufficiently determine that he was competent to proceed; the record establishes that the court properly made an independent determination of Hendrix's competency. See Arnold v. State, 214 So. 3d 739, 740 (Fla. 2d DCA 2017).

The trial court, however, only orally pronounced this determination and did not enter a written order of competency as required by Florida Rule of Criminal Procedure 3.212(b). The unsigned "memo of sentence/order of the court," which was filed with the clerk of the circuit court following the competency hearing and states "Comp Hrg-Held-Evals Rec: Deft Comp to proceed," does not satisfy the requirement of a written competency order. See Shakes v. State, 185 So. 3d 679, 682 n.2 (Fla. 2d DCA 2016) (citing Carroll v. State, 157 So. 3d 385, 386 (Fla. 2d DCA 2015)); see also Phillips v. State, 198 So. 3d 789, 790 n.2 (Fla. 2d DCA 2016) (collecting cases in which this court has repeatedly discouraged use of "memo of sentence/order of the court").

Accordingly, we affirm Hendrix's judgment and sentence but remand for the entry of a nunc pro tunc written order adjudicating him competent to proceed. See Arnold, 214 So. 3d at 740 (citing Holland v. State, 185 So. 3d 636, 637 (Fla. 2d DCA 2016)).

Affirmed; remanded with directions.

VILLANTI and CRENSHAW, JJ., Concur.