NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

PATRICIA DAGAN,                          )
                                         )
            Appellant,                   )
                                         )
v.                                       )        Case No. 2D17-4828
                                         )
STATE OF FLORIDA,                        )
                                         )
            Appellee.                    )
_____  )

Opinion filed April 17, 2019.

Appeal from the Circuit Court for Polk
County; James A. Yancey, Judge.

Howard L. Dimmig, II, Public Defender,
and Kevin Briggs, Assistant Public
Defender, Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Susan D. Dunlevy,
Assistant Attorney General, Tampa, and
Helene S. Parnes, Assistant Attorney
General, Tampa (substituted as counsel
of record after brief was filed), for
Appellee.

ORDER RELINQUISHING JURISDICTION

NORTHCUTT, Judge.

Patricia Dagan has appealed her convictions and sentences on three

counts.  However, the State correctly points out that the record does not contain a

written, judge-signed sentencing document reflecting the time-served sentences for

counts two and three.  Rather, the only written memorialization of the court's oral imposition of those sentences is a "memo of sentence," or "snapout," which is signed only by the courtroom clerk.

Pursuant to Florida Rule of Appellate Procedure 9.110(*l*), we relinquish jurisdiction for 30 days, during which the trial court shall render a proper sentencing document for counts two and three that complies with the dictates of Florida Rule of Criminal Procedure 3.986(a) ("The forms as set forth below . . . shall be used by all courts." (emphasis added)).  This document shall replace the snapout form that the trial court employed for those two counts, forms that the Tenth Circuit has persisted in using despite a cavalcade of opinions from this court decrying this practice and pointing out specific problems with the circuit's widespread use of the forms.  See Hendrix v. State, 224 So. 3d 823, 824 (Fla. 2d DCA 2017) (holding that a snapout cannot serve as a written competency order); Gray v. State, 198 So. 3d 780, 782–83 (Fla. 2d DCA 2016) (holding that a snapout cannot serve as a written judgment or sentence); Phillips v. State, 198 So. 3d 789, 790 (Fla. 2d DCA 2016), Zaborowski v. State, 126 So. 3d 405, 407 n.2 (Fla. 2d DCA 2013), Thar v. State, 8 So. 3d 1204, 1205 n.1 (Fla. 2d DCA 2009), and Cochrane v. State, 997 So. 2d 1221, 1223 (Fla. 2d DCA 2008) (Altenbernd, J., concurring) (each noting this court's longstanding discouragement of the practice of using snapouts); Woods v. State, 987 So. 2d 669, 672 (Fla. 2d DCA 2007) ("If this court had the power to do so, it would order the Tenth Judicial Circuit to cease and desist in the use of this type of form final order."); Akridge v. Crow, 903 So. 2d 346, 350 (Fla. 2d DCA 2005) (holding that snapouts are inadequate to serve as orders requiring the recipient to appear for a hearing); Sutton v. State, 838 So. 2d 616, 617 n.1 (Fla. 2d DCA

2

2003) (noting the mischief that snapouts can cause and remanding for determination of the defendant's prison credit because the snapout did not have a place to note such credit); Heath v. State, 840 So. 2d 307, 308–09 (Fla. 2d DCA 2003) (noting that case law had discouraged but stopped short of prohibiting the use of snapouts); Gordon v. State, 827 So. 2d 346, 347 (Fla. 2d DCA 2002) (urging the use of proper forms in lieu of snapouts); Braswell v. State, 804 So. 2d 523, 523 (Fla. 2d DCA 2001) (holding that a snapout is insufficient to serve as an order of revocation of probation); Monroe v. State, 784 So. 2d 1163, 1164 (Fla. 2d DCA 2001) (reiterating this court's prior admonition regarding the use of snapouts as orders of revocation of probation); Richardson v. State, 761 So. 2d 1232, 1233 (Fla. 2d DCA 2000) (reversing the defendant's sentence because the circuit court's use of the "infamous" snapout created an ambiguity that could have rendered the sentence illegal); Monroe v. State, 760 So. 2d 289, 290 (Fla. 2d DCA 2000) (explaining that the record contained no revocation order where trial court used a snapout for that purpose); Wagner v. State, 744 So. 2d 1155, 1156 (Fla. 2d DCA 1999) (reversing the use of a snapout as a written order of violation of probation); Grantham v. State, 735 So. 2d 525, 526 (Fla. 2d DCA 1999) (reversing the trial court's use of a snapout as an order of revocation of probation); Peterson v. State, 730 So. 2d 830, 831 (Fla. 2d DCA 1999) (cautioning the Tenth Circuit against the use of snapouts as sentencing documents); Donley v. State, 557 So. 2d 943, 945 (Fla. 2d DCA 1990) (reversing the use of a snapout as a written order of violation of probation).

Jurisdiction relinquished for thirty days, with directions.

SILBERMAN and ROTHSTEIN-YOUAKIM, JJ., Concur.

3